[COMMENT1] 

 

 

 

 

 

                                        COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT WORTH

 

 

                                           NO.
2-07-370-CR

 

 

KERRY KENT HUGHES                                                          APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

Appellant Kerry Kent Hughes
appeals from the trial court=s denial of his motion to suppress. 
We affirm.

                                                Background








While on patrol on January 12,
2007 around 2:00 a.m., Officer Scott Williamson of the University of North
Texas Health Science Center (UNTHSC) in Fort
 Worth noticed a car driving Areal slow@ on Arch
Adams.[2]  It was going A[w]ay under the speed limit,@ about fifteen miles/hour on a thirty mile/hour street, as if the
driver was Aconfused of
where he was going or what road he was on.@  There were Aa few@ other cars
on the road that morning, and the driver of the car he noticed was driving
significantly slower than those cars. 
Officer Williamson started following the car and noticed that the driver
was having a hard time maintaining a single lane of travel and was Abreaking the point of the lane.@  As the officer was following
the car, the driver turned onto Camp
 Bowie and almost struck
the far left curb of the lane Aand then kind of bounced back into the right lane.@  In response to a question from
the State, Officer Williamson testified that he thought at the time the driver
had committed a traffic offense, but he learned later that the driver did not,
in fact, commit any traffic offense. 
However, Officer Williamson testified that he also thought the driving
was unusual.  After Officer Williamson
turned on his overhead light to initiate a stop, the driver, later identified
as appellant, kept driving for several blocks without braking before pulling
over.  Officer Williamson testified that
at that time, he was suspicious of the driver because Aat that time of the morning bars are closing, somebody that can=t drive in a single lane, almost striking a curb, it was my impression
that the vehicle could have been - - or the driver of the vehicle could have
been under influence or drugs, or something to that nature.@  Upon further questioning by
the State, Officer Williamson testified that he was trained at the police
academy to detect signs that a person may be driving while intoxicated, that
appellant showed signs of intoxication the night he stopped him, and that those
signs were, specifically, A[f]ailure to maintain a single lane, drifting from lane to lane,
almost striking curbs.@  In response to the question, AWere you taught in the police academy that if a person is driving well
under the speed limit that that may . . . be a sign that they are
intoxicated?,@ Officer
Williamson answered, AYes.@





On cross-examination,
appellant=s counsel
asked Officer Williamson if he had his report with him, and Officer Williamson
handed him the document.  When appellant=s counsel asked if it was the entire report Officer Williamson had
prepared, he said, ANo,
sir.  That is just the DWI case report .
. . .  That=s not the whole incident report.@  Officer Williamson stated that
it was part of the report but not all of the documentation.  But he agreed when counsel asked, AWould this . . . 11-page report . . . contain all the information that
you recorded regarding your contact with [appellant] that night as far as the
reason for the stop and then the field sobriety evaluations?@  He agreed that the report
contained a detailed paragraph entitled AProbable Cause.@[3]  He agreed that at the police
academy he was trained to put everything in a report that is pertinent to a
stop and arrest, i.e., A[a]s much as
you - - what you need to put in.@  Officer Williamson admitted
that he wrote in his report that he pulled over appellant for Afailure to maintain a single lane of travel@ and that he did not write that he thought appellant might be
intoxicated.[4]  He agreed that he could have written that the
reason for the stop was intoxication Aif that would have been the reason for the stop@ (in the words of appellant=s counsel).  When counsel asked
if Athe truth is the reason for the stop was that failure to maintain a
single lane of travel,@ Officer
Williamson answered, ACorrect.@

                                          Standard of Review



 



We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Amador v. State, 221
S.W.3d 666, 673 (Tex.
Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997).  In reviewing the trial court=s decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  Wiede v. State, 214 S.W.3d 17, 24B25 (Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000), modified on other grounds by State v. Cullen,
195 S.W.3d 696 (Tex. Crim. App. 2006). 
Therefore, we give almost total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex. Crim. App. 2006); Johnson
v. State, 68 S.W.3d 644, 652B53 (Tex.
Crim. App. 2002).  But when
application-of-law-to-fact questions do not turn on the credibility and
demeanor of the witnesses, we review the trial court=s rulings on those questions de novo. 
Amador, 221 S.W.3d at 673; Estrada v. State, 154 S.W.3d
604, 607 (Tex.
Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.





Stated another way, when
reviewing the trial court=s ruling on
a motion to suppress, we must view the evidence in the light most favorable to
the trial court=s ruling.  Wiede, 214 S.W.3d at 24; State v.
Kelly, 204 S.W.3d 808, 818 (Tex.
Crim. App. 2006).  When the record is
silent on the reasons for the trial court=s ruling, or when there are no explicit fact findings and neither
party timely requested findings and conclusions from the trial court, we imply
the necessary fact findings that would support the trial court=s ruling if the evidence, viewed in the light most favorable to the
trial court=s ruling,
supports those findings.  Id.; see  Amador, 221 S.W.3d at 673; Wiede,
214 S.W.3d at 25.  We then review the
trial court=s legal
ruling de novo unless the implied fact findings supported by the record are
also dispositive of the legal ruling.  Kelly,
204 S.W.3d at 819.

We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  State v. Stevens, 235
S.W.3d 736, 740  (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004).

In a motion to suppress
hearing, the trial court may believe or disbelieve all or any part of a witness=s testimony, even if that testimony is not controverted, because the
trial court observes first hand the demeanor and appearance of a witness, as
opposed to an appellate court, which can only read an impersonal record.  Ross, 32 S.W.3d at 855.

                                             Issue on Appeal





In a single issue, appellant
challenges the trial court=s denial of his motion to suppress. 
Specifically, he contends that the stop was invalid and without
reasonable suspicion because Officer Williamson conceded that the sole reason
he pulled over appellant was because he thought appellant committed the offense
of failure to maintain a single lane of travel when, in fact, he had not.  The State contends that regardless of what
the officer=s subjective
belief was, he articulated specific facts from which the trial court could have
determined that he had reasonable suspicion to stop appellant.

                                    Applicable Law and Analysis





A detention, as opposed to an
arrest, may be justified on less than probable cause if a person is reasonably
suspected of criminal activity based on specific, articulable facts.  Terry v. Ohio,
392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); Carmouche, 10 S.W.3d at
328.  An officer conducts a lawful
temporary detention when he or she has reasonable suspicion to believe that an
individual is violating the law.  Ford,
158 S.W.3d at 492.  Reasonable suspicion
exists when, based on the totality of the circumstances, the officer has
specific, articulable facts that when combined with rational inferences from
those facts, would lead him to reasonably conclude that a particular person is,
has been, or soon will be engaged in criminal activity.  Id.
at 492B93.  This is an objective
standard that disregards any subjective intent of the officer making the stop
and looks solely to whether an objective basis for the stop exists.  Id.
at 492.  Because the trial court here did
not file findings of fact and conclusions of law, we must determine whether the
evidence, viewed in the light most favorable to the trial court=s decision to deny the motion to suppress, supports implied findings
supporting that decision, in other words, whether Officer Williamson testified
to specific, articulable facts justifying his detention of appellant.  See Kelly, 204 S.W.3d at 819.

Appellant=s argument essentially urges this court to judge the validity of the
stop based upon Officer Williamson=s mistaken subjective belief that appellant committed a traffic
violation.  At oral argument, appellant
contended that even though Officer Williamson testified that he thought
appellant was intoxicated based upon his training and the specific instances of
unusual driving he observed, the fact that Officer Williamson did not include
this information in his report written at the time of the offense shows that he
was being untruthful.





However, the trial court
obviously believed Officer Williamson=s testimony, and we must defer to its assessment of Officer Williamson=s credibility.  Ross, 32
S.W.3d at 855.  Thus, we must take as
true Officer Williamson=s testimony
that he also thought at the time that appellant could have been intoxicated
based upon his training and the specific instances of driving he observed.  See Curtis v. State, 209 S.W.3d 688,
694B95 (Tex. App.CTexarkana
2006) (reversing trial court=s denial of motion to suppress and noting that officer testified that he
had reasonable suspicion appellant was intoxicated but his report stated that
only reason for stopping appellant was that appellant committed traffic
violation of weaving), rev=d, 238 S.W.3d 376, 380B81 (Tex. Crim. App. 2007) (holding that court of appeals failed to
consider officers= testimony
that provided specific, articulable facts justifying reasonable suspicion that
appellant was intoxicated).  And, as
stated above, we must determine reasonable suspicion based upon an objective
standard considering the totality of the circumstances, not upon the officer=s subjective intent in making the stop.  Ford, 158 S.W.3d at 492B93.  Thus, we must determine
whether the objective facts testified to by Officer Williamson show that he had
reasonable suspicion to justify stopping appellant, regardless of the sole
reason stated in his report.  Curtis,
238 S.W.3d at 380B81.





Here, Officer Williamson
observed appellant driving well below the speed limit and slower than other
cars on the road around 2:00 a.m. when the bars were closing.  Officer Williamson testified that he had been
trained that slow driving was a possible sign of intoxication.  Appellant was having trouble driving the car
within a single lane of traffic, and as Officer Williamson followed him,
appellant turned and almost ran into the left hand curb.  Appellant then apparently overcorrected and Akind of bounced back into the right lane.@  We conclude and hold that
Officer Williamson testified to specific, articulable facts that would lead a reasonable
person to conclude that the driver of the car was possibly driving while
intoxicated.[5]  See id.; James v. State, 102
S.W.3d 162, 172 (Tex. App.CFort Worth 2003, pet. ref=d).  Therefore, we cannot say
that the trial court erred by denying appellant=s motion to suppress.  We
overrule appellant=s sole
issue.

                                                Conclusion

Having overruled appellant=s sole issue, we affirm the trial court=s judgment.

 



TERRIE LIVINGSTON

JUSTICE

 

PANEL: 
LIVINGSTON, WALKER, and MCCOY, JJ.

MCCOY, J. filed a dissenting opinion.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)



 



DELIVERED: 
November 20, 2008





 



 






 
 
 
 
 
 
 




 

 

 

 

 

 

                                        COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT WORTH

 

 

                                           NO.
2-07-370-CR

 

 

KERRY KENT HUGHES                                                          APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 4 OF TARRANT
 COUNTY

 

                                                  ------------

 

                                     DISSENTING
OPINION

 

                                                  ------------

 

I respectfully dissent.  A review of Officer Williams=s testimony reveals that at no time did he testify that he stopped
Hughes=s vehicle because he suspected an intoxicated driver was at the
wheel.  In fact, he unequivocally
testified that the reason, as opposed to one of the reasons, that
he stopped the car was the failure to maintain a single lane of travel.  He also testified that he learned after the
stop that the driver did not commit any traffic offense.

As this court has recently
observed in Fowler v. State,



 



An officer=s reasonable suspicion of an alleged
traffic violation cannot be based on a mistaken understanding of traffic
laws.  United
 States v. Granado, 302 F.3d 421, 423 (5th Cir.
2002); Goudeau v. State, 209 S.W.3d 713, 716 (Tex. App.CHouston [14th Dist.] 2006, no
pet.).  And an officer=s honest
but mistaken understanding of the traffic law which prompted a stop is not an
exception to the reasonable suspicion requirement.  Goudeau, 209 S.W.3d at 716.  Thus, Officer Knotts=s
misunderstanding that section 545.060(a) requires only crossing of the lane
line C regardless
of whether it is unsafe or dangerous to do so
C
will
not support a reasonable suspicion.

 

McQuarters and the other cases cited by the State do not change this
result.  McQuarters cites Garcia
for the proposition that Athe State was
not required to prove appellant violated a traffic law. The State only needed
to elicit testimony that [the police officer] knew sufficient facts to
reasonably suspect that appellant had violated a traffic law.@  58 S.W.3d at 255.  In the relevant portion of Garcia, the
court of criminal appeals stated that A[t]he State is correct that it need not establish with absolute
certainty that a crime has occurred in order to show reasonable suspicion.@  43 S.W.3d at 530.  Neither case holds or even suggests that an
officer=s ignorance of the law will somehow satisfy the Fourth Amendment and
rise to the level of reasonable suspicion. 
To so hold would transform the Fourth Amendment=s objective standard into a subjective standard dependent on the whims
of the police=s Aunderstanding@ of the law.

 

Fowler v. State, No. 02-06-00183-CR, 2008 WL 3540288, at *5 (Tex. App.CFort Worth Aug. 14, 2008, pet. filed) (en banc).

Therefore, I would hold, as
the majority held in Fowler, that there was no reasonable suspicion for
the initial stop and that the trial court erred in failing to suppress the
evidence developed during the stop.

 



 



BOB MCCOY

JUSTICE

 

 

DELIVERED:  November 20, 2008











[1]See Tex. R. App. P. 47.4.





[2]A
campus police officer has primary jurisdiction in Aall
counties in which property is owned, leased, rented, or otherwise under the
control of the institution of higher education or public technical institute
that employs the peace officer.@  Tex.
Educ. Code Ann. ' 51.203(a)
(Vernon 2006).  Officer Williamson
testified that his chief has limited the UNTHSC officers=
jurisdiction to one square mile all the way around the campus.  Appellant did not and has not contended that
the events upon which his motion to suppress is based occurred outside of
Officer Williamson=s
jurisdiction.





[3]Regardless,
the report was not admitted into evidence at the hearing.





[4]Officer
Williamson also agreed that he followed appellant only for a short period of
time over several blocks. 





[5]These
facts distinguish this case from Fowler, in which the facts testified to
by the officer initiating the traffic stop, even if believed by the trial
court, were not sufficient to establish reasonable suspicion of either DWI or a
violation of section 545.060(a) of the Texas Transportation Code.  Fowler v. State,
No. 02-06-00183-CR, 2008 WL 3540288, at *1B2
(Tex. App.CFort
Worth Aug. 14, 2008, pet. filed) (en banc).















 [COMMENT1]

Majority opinion by Justice
Livingston; Dissenting opinion by Justice McCoy