REVISED SEPTEMBER 12, 2002

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 01-51007
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GILBERT ARREOLA GRANADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
August 14, 2002

_____

Before JOLLY, DUHÉ, and DENNIS, Circuit Judges.

DUHÉ, Circuit Judge:

This is an appeal of the district court's denial of a motion to suppress evidence obtained during a vehicle stop. Because we find the vehicle stop violated the Fourth Amendment, and the government did not show that the seizure was not the product of that Fourth Amendment violation, we REVERSE the denial of the suppression motion, VACATE the convictions, and REMAND with instructions to suppress.

FACTUAL AND PROCEDURAL BACKGROUND

Texas Department of Public Safety trooper Jimmy Schroeder ("Schroeder") was driving south on Interstate 35 in Williamson County, Texas when he noticed a minivan traveling in the opposite direction. The minivan lacked a front license plate, which is required of vehicles registered in Texas, but not of vehicles registered in many other states. Schroeder made a u-turn and followed the van to determine whether it was registered in Texas, and thus in violation of the law.

Schroeder was unable to read the name of the state that had issued the plate, because a license plate frame partially blocked its name.[1] He stopped the vehicle because if it was registered in Texas, the lack of a front license plate would be a violation of Texas law; and because he thought that the license plate frame obstructed the license plate, constituting a violation of Texas law. As he approached the van, Schroeder determined that the plate was issued in Coahuila, a Mexican state.

Nonetheless, he proceeded to the driver's side door of the van, opened it, and asked Appellant Gilbert Arreola Granado, the driver for his driver's license. This began a lengthy stop that included extensive questioning, a frisking, and a search of the van. That search revealed methamphetamine and cocaine, and Schroeder arrested Appellant. Appellant later admitted he was being

---

[1] The frame did not block the letters or numbers on the plate.

paid to transport contraband.

A two-count indictment charged that Appellant possessed cocaine and methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and § 841(b)(1)(B). Appellant moved to suppress the drugs and his statements to Schroeder, arguing they were the product of an illegal search and seizure, because the vehicle stop violated the Fourth Amendment. After a hearing, the district court denied the motion and Appellant's motion to reconsider. Appellant entered a conditional guilty plea to both counts, expressly reserving in writing the right to appeal the district court's denial of the suppression motion. After sentencing, Appellant timely appealed.

DISCUSSION

When reviewing the denial of a motion to suppress, we review factual findings for clear error and legal conclusions *de novo*. United States v. Kelley, 140 F.3d 596, 601 (5th Cir. 1998).

The decision to stop an automobile is constitutional "where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996). A trooper's incorrect belief that a motorist is in violation of state traffic laws is insufficient to justify a vehicle stop. United States v. Lopez-Valdez, 178 F.3d 282, 288 (5th Cir. 1999).

Schroeder stopped Appellant because he believed the lack of a

front license plate or the "obscured" rear license plate violated Texas law. However, he determined before reaching the van that it was not registered in Texas, so the lack of a front license plate was not an objective reason to continue the stop. Therefore, the only potential justification for the continued stop is that the license plate was obscured in violation of Texas law.

The Texas statute governing license plate display makes it an offense to display a license plate that, among other things:

> (5) has letters, numbers, or other identification marks that because of blurring matter are not plainly visible at all times during daylight;
>
> (6) is a sticker, decal, or other insignia that is not authorized by law and that interferes with the readability of the letters or numbers on the plate; or
>
> (7) has a coating, covering, or protective material that distorts angular visibility or detectability.

TEX. TRANSP. CODE ANN. § 502.409 (Vernon Supp. 2002). Unless Appellant's license plate violated that statute, the stop was unlawful.

Appellant's license plate does not violate the Texas statute. We strictly construe the Texas Transportation Code. United States v. Miller, 146 F.3d 274, 279 (5th Cir. 1998). A photograph of the "obscured" plate is in evidence. Visibility of identifying marks on Appellant's plate is not obscured by "blurring matter". There is no "sticker, decal, or other insignia" that interferes with

4

readability.[2] Nor is there a "coating, covering, or protective material" disturbing angular visibility.[3] There is only a license plate frame, and that alone does not violate Texas law, under the facts of this case.  The statute is specific in what it prohibits and the district court erred in construing it more liberally.

The government's comparison to <u>United States v. Casas</u>, 1999 WL 33290609 (W.D. Tex. 1999), where a district court upheld a vehicle stop, fails. There, the vehicle was stopped pursuant to a United States Customs Office-issued request to stop all vehicles matching a certain description, because of suspected drug activity. No such suspicion of unlawful activity existed here. Moreover, the vehicle in <u>Casas</u> had no license plate at all, a clear violation of the law.

Because the stop was unreasonable, the resulting search and seizure were also illegal. <u>United States v. Frisbie</u>, 550 F.2d 335, 338 (5th Cir. 1977). All evidence derived from an illegal search or seizure must be suppressed, unless the government shows there was a break in the chain of events sufficient to refute the inference that the evidence was the product of the Fourth Amendment violation. <u>Brown v. Illinois</u>, 422 U.S. 590, 602-04, 95 S.Ct. 2254,

---

[2] We decline to stretch the meaning of the word "insignia" to include a license plate frame.

[3] The government cites an unpublished Texas case, <u>Rivera v. Texas</u>, 2001 WL 1249994 (Tex. App. – Houston (1 Dist.)), for the proposition that it is illegal to cover a license plate with a clear plastic coating. That case is factually distinct from the case at bar, which involves no such covering. Moreover, unpublished opinions do not constitute authority.

2261-62, 45 L. Ed. 2d 416 (1975). We examine the totality of the circumstances, focusing especially on (1) the temporal proximity of the violation and the discovery of the evidence or statement; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of the initial misconduct. Id.

The drugs found in the van and Appellant's statements derived directly and immediately from the unlawful stop. They were temporally related to the illegal stop, as they occurred within minutes. Any possible intervening circumstances came so close on the heels of the stop as to remain tainted with that illegality. Finally, the violation of Appellant's Fourth Amendment rights was unmistakable. Therefore, the drugs and statements must be suppressed.

CONCLUSION

For the foregoing reasons, we REVERSE the denial of the suppression motion, VACATE the convictions, and REMAND with instructions to suppress.