Affirmed and Opinion filed November 9, 2006















Affirmed and Opinion filed November 9, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-05-00946-CR 

        
14-05-00947-CR

____________

 

REGINALD WAYNE GOUDEAU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 262nd
District Court

Harris County,
Texas

Trial Court Cause Nos. 1030103;
1022577

 





 

O P I N I O N

I.  Background

The relevant facts were established at the motion to
suppress hearing through the sole witness, Officer Christopher Hernandez. 
At approximately 12:52 a.m. on April 7, 2005, Officer Hernandez was traveling
northbound on Crosby Lynchberg Road, in Harris County, when he passed
appellant, Reginald Wayne Goodeau.  Officer Hernandez noticed that
appellant=s vehicle had no front license plate.  He then
turned around and initiated a traffic stop of appellant=s vehicle.  

 

Appellant was alone in his vehicle, a 1969 Chevrolet El
Camino which had a rear license plate labeled as Aantique
automobile.@  Officer Hernandez approached the vehicle and
asked to see appellant=s driver=s license and
proof of insurance.  Officer Hernandez testified that during the course of
this initial investigation, he noticed that appellant Ahad red bloodshot
eyes,@ Aspoke with a
slurred speech,@ and was Afumbling around@ for the requested
documents.  Officer Hernandez also noticed a container of alcohol on
appellant=s passenger seat.  Based on these facts, Officer
Hernandez requested that appellant perform some standardized field sobriety
tests.

Once appellant exited his vehicle, Officer Hernandez
testified that Ahe was walking very slowly and real
carefully, not quite stumbling but very slowly and carefully.@  Appellant
did not cooperate in performing the field sobriety tests.  Officer
Hernandez then placed appellant under arrest for driving while
intoxicated.   

Officer Hernandez performed an inventory search of
appellant=s vehicle pursuant to Aour policy of the
Sheriff=s Department.@  During this
inventory search, Officer Hernandez found a Ablack zipper bag,@ and after opening
the bag, he discovered powder cocaine, crack cocaine, liquid PCP, and two Aglass crack pipes@ inside.

Appellant was arrested and charged with felony driving
while intoxicated and possession of a controlled substance.  Appellant
filed a motion to suppress all evidence discovered during the search, which the
trial court denied.  Appellant subsequently pled guilty to both charges
and was sentenced to ten and fifteen years incarceration, respectively. 

II.  Analysis

 

In seven points of error, appellant challenges the trial
court=s denial of his
motion to suppress evidence.  We review a trial court=s denial of a
motion to suppress for an abuse of discretion. Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Flores
v. State, 172 S.W.3d 742, 748 (Tex.
App.BHouston [14th
Dist.] 2005, no pet.).  When reviewing the denial of a motion to suppress,
we review factual findings for clear error and the application of those facts
to the law de novo.  Carmouche, 10 S.W.3d at 327; Guzman
v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997).  Because the
historical facts are not disputed in this case and the only issues are the
application of those facts to the law, we apply a de novo standard of
review.

In appellant=s first four
points of error, he complains about the reasonableness of Officer Hernandez=s investigatory
stop.  The United States Supreme Court has created a dual prong analysis
for the reasonableness of investigatory stops.  See Terry v. Ohio,
392 U.S.
1, 20 (1968); Davis v. State, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997)
(discussing Terry at 242‑245).  First, the initial stop must
be justified.  Terry, 392 U.S. at 20.  Second, the scope
of the investigation must be reasonably related to the circumstances that
justified the interference in the first place.  Id.  Appellant complains that
neither of these prongs was satisfied. 

In his first point of error, appellant contends that there
was no justification for the stop.  An automobile stop is justified when
an officer has reasonable suspicion to believe that a traffic violation has
occurred.  Terry, 392 U.S. at 29; Woods v. State,
956 S.W.2d 33, 35 (Tex. Crim. App. 1997).  The burden is on the State to
demonstrate the reasonableness of the investigatory stop.  Bishop v.
State, 85 S.W.3d 819, 822 (Tex. Crim. App. 2002); Aviles v. State,
23 S.W.3d 77, 79 (Tex. App.CHouston [14th Dist.] 2000, pet.
ref'd).  Whether or not an officer has reasonable suspicion is evaluated
from an objective perspective.  Whren v. United
 States, 517 U.S.
806 (1996); United States
v. Lopez‑Valdez, 178 F.3d 282, 288 (5th Cir. 1999); Aviles, 23 S.W.3d at 77.  
In other words, looking at the facts available to the officer at the moment of
the investigation, would a person of reasonable caution believe that a traffic
violation occurred.  Lopez-Valdez, 178 F.3d at 288; Aviles, 23 S.W.3d
at 77.  An officer=s suspicion of an alleged traffic
violation, however, cannot be based on a mistaken understanding of traffic
laws.  United States v. Granado, 302 F.3d 421, 423 (5th Cir. 2002);
Lopez‑Valdez, 178 F.3d at 289; United States v. Miller, 146
F.3d 274, 279 (5th Cir. 1998); Gaines v. State, No. 04‑00‑00050‑CR,
2001 WL 99630, at *4 (Tex.App.BSan Antonio Feb. 7, 2001, pet. ref=d) (not designated
for publication).  An officer=s honest but
mistaken understanding of the traffic law which prompted his stop is not an
exception to the reasonable suspicion requirement.  Lopez‑Valdez,
178 F.3d at 289; Miller, 146 F.3d at 279. 

Officer Hernandez initiated the traffic stop because he Aobserved he
[appellant] had no license plate attached to the front of his vehicle as
required by State law.@  In other words, appellant did not
have both a front and back license plate as required by the Texas
Transportation Code.  Tex. Transp.
Code ' 502.404(a).  Appellant argues that because his
car was an Aexhibition vehicle,@ as defined by Tex. Transp. Code ' 504.502, he was
required to have one license plate only on the rear of the vehicle. 
Therefore, he argues, the officer could not have had reasonable suspicion to
initiate the traffic stop because his suspicion was solely based on a mistaken
understanding of the law.  

The Fifth Circuit and Texas appellate courts have addressed the
issue of an officer=s mistake of law in the context of
investigative stops.  Lopez‑Valdez, 178 F.3d at 289; Miller,
146 F.3d at 279; Aviles,
23 S.W.3d at 77.  These courts have clearly held that the reasonable
suspicion required to initiate a traffic stop cannot be based on a mistake of
law.  Lopez‑Valdez, 178 F.3d at 289 (refusing to find a good‑faith
exception to the exclusionary rule when a mistake made in good faith is based
on a mistake of law); Miller, 146 F.3d at 279 (holding that the stop was
unreasonable because the officer=s reason for stopping
the suspect, flashing a turn signal without changing lanes, was not a violation
of law); Aviles, 23 S.W.3d at 77 (holding that the stop was unreasonable
when the officer=s reason for the stop, changing lanes
simultaneously, was not a violation of the law).  For instance, in Lopez‑Valdez,
the officer stopped the suspect because of a broken taillight cover.  The
cover for the taillight was broken but the bulb itself was still intact and
functioning.  The court held that Ano well‑trained
. . . officer could reasonably believe that white light appearing with red
light through a cracked red taillight lens constituted a violation of traffic
law.@  Lopez‑Valdez,
178 F.3d at 289.  In Aviles, the
officer stopped the suspect for making a Amultiple lane
change in a single maneuver.@  Aviles, 23 S.W.3d at 77.  This
court found that the stop was unreasonable because making a multiple lane
change in a single maneuver is not a per se violation of the law, and
the particular lane change made by the suspect was not a violation of any
statute.  Id.
at 78‑79. 

 

By contrast, courts recently have held that an officer=s mistake of law
does not necessarily render the traffic stop unreasonable.  United
States v. Delfin‑Colina, No. 05‑2127, 2006 WL 2708496, at * 6
(3rd Cir. Sep. 22, 2006) (A[A] mistake of law is only unreasonable
when the officer does not offer facts that objectively show that the identified
law was actually broken.@); Aviles, 23 S.W.3d at 77‑79)
(implicitly reaching this conclusion in evaluating the reasonableness of the
officer=s stop despite the
officer=s stated mistaken
legal basis for the stop).  Reasonable suspicion is viewed from the eyes
of a reasonable person.  Whren, 517 U.S. at 810.  A reasonable
person has a full and correct understanding of the law.  Delfin‑Colina,
2006 WL 2708496, at *7 (noting that an Aobjective review
of the facts@ includes a correct interpretation of the law
allegedly violated).  The dispositive question is, therefore, considering
the facts available to the officer during the investigative stop, would a
reasonable officer, or one who was correctly interpreting the law, have had
reasonable suspicion to initiate the stop? 

 

We first examine whether the investigatory stop was
justified under the first prong of Terry.  Under the Texas Transportation
Code framework, generally a vehicle is required to have two license
plates.  Tex. Transp. Code ' 502.404(a). 
Section 504.502 creates an exception to this general rule in allowing certain Aexhibition
vehicle[s]@ to have only one rear license plate.  Tex. Transp. Code ' 504.502. 
Section 504.502, however, has certain requirements that must be met in order
for it to apply.[1] 
Tex. Transp. Code ' 504.502(a). 
If the requirements cease to be met, then ' 504.002(9)
applies which states that if the vehicle ceases to meet the specialty license
plate requirements, the owner must return the license plate.  Tex. Transp. Code ' 504.002(9). 
If the owner no longer qualifies for a specialty license plate and is required
to return it, then necessarily, if the owner continues Ato operate [his
vehicle] on a public highway,@ the general provision requiring vehicles
to have two license plates will obtain.  See Tex. Transp. Code ' 502.404(a) (AA person commits
an offense if the person operates on a public highway during a registration
period a passenger car or commercial motor vehicle that does not display two
license plates, at the front and rear of the vehicle.@).  If the
owner fails to return the license plate when the ' 504.502
requirements are not met and continues to operate his vehicle, not only will
the owner violate ' 504.002(9), but he will also violate ' 502.404 because
the exception to the general rule requiring two license plates will no longer
apply.[2] 


Accordingly, a reasonable person in Officer Hernandez=s position
correctly interpreting the Texas Transportation Code would know that generally
a license plate is required in the front and in the rear of the vehicle. 
The only time two license plates are not required is when an exception applies,
such as that under ' 504.502.  Looking at the facts from
Officer Hernandez=s perspective, we must determine whether
there were sufficient facts for a reasonable person to determine that two
license plates were required.

 

Officer Hernandez testified that when he passed appellant
going the opposite direction, he noticed that appellant had no front license
plate.  A person with full knowledge of the law would know that generally
two license plates are required.  Because Officer Hernandez was moving in
the opposite direction from appellant, he would not have had an opportunity to
see the back license plate marked as an antique license plate before he turned
his vehicle around to initiate the stop.  One might speculate that once
Officer Hernandez turned around and was behind appellant=s vehicle, he
could have been in a position to observe the antique license plate on the rear
of appellant=s car, thus, putting him on notice that appellant might
not have been required to have two license plates.  There is no evidence
in the record that Officer Hernandez, in fact, noticed the antique license
plate, and we may only conduct our analysis based on the record. 
Additionally, the fact that the stop was initiated at 12:52 a.m. made it more
reasonable for a person to conclude that the >exhibition vehicle= exception to the
general requirement of two license plates did not apply, as it is unlikely that
a vehicle would be used for exhibition purposes at that time of night. 
Under ' 504.202(9), if
appellant no longer met the requirements for an antique license plate, he was
no longer eligible to enjoy its benefits (such as displaying only a back
license plate), and he would have had a statutory duty to return the plate to
the State.  Tex. Transp. Code
' 504.002(9). 
His continued use of the single rear plate would have been a statutory
violation.  Therefore, at the time Officer Hernandez initiated the stop,
he could have had reasonable suspicion that appellant was violating ' 502.404's
requirement that an individual have both a front and rear license plate. 
As a result, the stop was reasonable under Terry=s first
prong.  Accordingly, we overrule appellant=s first point of
error.

Appellant=s second and third points of error both
argue that the investigative detention of appellant was unreasonable because
there was no investigation.  While appellant separates these two points of
error from his fourth point, which argues that the scope of the investigation
was not reasonably related to the circumstances that justified the initial
interference, all three points are actually different flavors of the same
argument.  If there is no investigation, then quite obviously the scope of
the investigation will not be related to the initial justification. 
Therefore, we will consider all three points together as a criticism of the
scope of the investigation.

 

The second prong of Terry requires that an
investigative detention be reasonably related in scope to the circumstances
that justified the interference in the first place.  Terry, 392
U.S. at 19‑20.  The investigation must also last no longer than is
necessary to effectuate the purposes of the stop.  Florida v. Royer,
460 U.S. 491, 500 (1983); Davis, 947 S.W.2d at 245; Simpson v. State,
29 S.W.3d 324 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d.).  The
investigative methods employed should be the least intrusive means reasonably
available to verify or dispel the officer=s suspicion in a
short period of time.  Royer, 460 U.S. at 500; Davis, 947
S.W.2d at 245.  Once the reason for the stop has been satisfied, the stop
may not be used as a Afishing expedition for unrelated criminal
activity.@  Ohio v. Robinette, 519 U.S. 33, 41
(1996) (Ginsberg, J., concurring); Davis, 947 S.W.2d at 243. 

During an investigation of a traffic violation, if an
officer develops reasonable suspicion that another violation has occurred, the
scope of the initial investigation expands to include the new offense.  See
Sims v. State, 98 S.W.3d 292, 295‑97 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d) (finding that the officer had
reasonable suspicion to investigate criminal activity beyond the reason for the
stop); Powell v. State, 5 S.W.3d 369, 378‑79 (Tex. App.CTexarkana 1999, pet.
ref'd) (holding that because of appellant=s nervousness, the
inconsistency in his statements, prior drug arrests, and his dishonesty about
prior arrests, the officer had reasonable suspicion to investigate beyond the
initial traffic offense); Mohmed v. State, 977 S.W.2d 624, 628 (Tex.
App.BFort Worth 1998,
pet. ref=d) (holding that
the smell of marihuana, during the officer=s investigation of
suspect=s unsafe driving,
supported reasonable suspicion to investigate drug activity).  

 

Officer Hernandez began his investigation by asking to see
appellant=s driver=s license and
insurance, a valid procedure under Texas law.  See Davis, 947
S.W.2d at 245 n.6; Mohmed, 977 S.W.2d at 628; Ortiz v. State, 930
S.W.2d 849, 856 (Tex. App.BTyler 1996, no pet.).  During this
exchange, Officer Hernandez testified that he noticed appellant had bloodshot
eyes, slurred his speech, and fumbled around for his insurance papers. 
Officer Hernandez also noticed an open container of alcohol on the passenger
seat beside appellant.  These facts clearly give rise to a reasonable
suspicion that appellant may have been driving while intoxicated.  See,
e.g., Perales v. State, 117 S.W.3d 434, 439 (Tex. App.BCorpus Christi 2003,
no pet.) (holding that there was reasonable suspicion of suspect driving while
intoxicated when suspect had red eyes, the officer smelled alcohol, and an open
container was in plain view); Rubeck v. State, 61 S.W.3d 741, 745 (Tex.
App.BFort Worth 2001,
no pet.) (holding that slurred speech, and the strong smell of alcohol on the
appellant=s breath gave sufficient reasonable suspicion to
investigate driving while intoxicated violation).  At that point, the
scope of the investigation expanded to include a violation of driving while
intoxicated, and Officer Hernandez was not limited to his investigation of a ' 504.502
violation.  See Davis, 947 S.W.2d at 245; Sims, 98 S.W.3d at
295‑97; Powell, 5 S.W.3d at 378‑79; Mohmed, 977
S.W.2d at 628.  Appellant does not argue that Officer Hernandez=s investigation of
him for driving while intoxicated was unreasonable.  

Appellant argues that there was no
investigation in that Officer Hernandez made no observation, statement, or
comment about: (1) the nature of the stop; (2) the fact that the Appellant=s vehicle had an Aantique plate@ prominently
displayed in the rear; and/or (3) any reference to or questions regarding the
purpose of the Appellant=s driving of the antique automobile that
evening. 

As
support for this contention, appellant cites Burkes v. State, 830 S.W.2d
922 (Tex. Crim. App. 1991).  Burkes distinguishes an investigatory
detention of an individual, which requires only reasonable suspicion to
initiate, from an arrest, which requires probable cause.  See id. at
925 (AAccordingly, we
hold . . . handcuffing appellant and placing him on the ground constituted an
arrest, and not a mere detention . . . .  As such, we . . . remand this
cause to the court of appeals for a determination of probable cause.@).   In contrast,
appellant does not suggest that probable cause was required to be shown in this
case.  Rather, he argues that the lack of an investigation rendered the
stop unreasonable.  Burkes did not address the effect that the
absence of an investigation would have on the reasonableness of a detention,
other than to say that probable cause would be required.  Consequently,
appellant=s reliance on Burkes is
misplaced.    

 

The only case that appellant cites in which a Texas court
found a stop unreasonable because the investigation exceeded the scope of the
initial justification is Davis.  In Davis, the officers
stopped the driver when the officers suspected that he was intoxicated.  Davis,
947 S.W.2d at 245.  Although the officers determined that the driver was
not intoxicated, they continued to search despite inadequate further reasonable
suspicion.  Id.  This case involves entirely different
facts.  Officer Hernandez had not completed his investigation when he
developed reasonable suspicion for appellant=s driving while
intoxicated.  In fact, he had just started his investigation by asking for
appellant=s driver=s license and
insurance.  See Mohmed, 977 S.W.2d at 628 (holding that an
officer may ask for identification, driver=s license,
insurance, and registration during a traffic stop); Ortiz, 930 S.W.2d at
856.  Shortly thereafter, Officer Hernandez developed reasonable suspicion
that appellant was driving while intoxicated.  As mentioned above, the
scope of the investigation then broadened and continued.  We overrule
appellant=s second, third, and fourth points of error.

In his fifth point of error, appellant complains that the
trial court committed reversible error in allowing Officer Hernandez to read
his offense report during his testimony.  Appellant complains that this
testimony is hearsay under Texas Rules of Evidence 802 and that the trial court=s error was
prejudicial to him or contributed to his conviction.  Tex. R. Evid. 802.  Specifically,
appellant complains about the following exchange between the State and Officer
Hernandez:

Q:      After you observed him to have red
bloodshot eyes and slurred speech and the length of time he took to retrieve
the documents, did you notice anything else?

A:      I observed an open container of
alcohol on his passenger side seat, a 16‑ounce bottle of Corona Extra.

Q:      Where on the seat?

A:      Exactly?  It was on the passenger
seat?

Appellant=s Counsel: Your honor, if the
record may reflect, the witness is viewing his offense report.  I would
object to that.  If he needs to refresh his recollection, I would ask that
a proper predicate be laid.

The Court: Overruled

A:      I don=t recall exactly.  On the seat.

Q:      But do you recall that it was open?

A:      Yes ma=am.

Q:      As far as you know, is that also a
violation of the code?

A:     
Yes, ma=am, having an open
container is a violation.    

 

Error in the admission of evidence constitutes
nonconstitutional error.  See Tex.
R. App. P. 44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App.1998).  As such, only an error that affects a substantial right
of the defendant constitutes reversible error.  See Tex. R. App. P. 44.2(b).  A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jury=s verdict.  King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App.1997); Plouff v. State,
192 S.W.3d 213, 222 (Tex. App.BHouston [14th Dist.] 2006, no pet.).

The record is unclear as to whether Officer Hernandez was
actually viewing his offense report.  Moreover, it is apparent that any
error in admitting this testimony was harmless.  Officer Hernandez later
testified without objection that there was an open container on the seat, making
the previous testimony cumulative.  See Ferguson v. State, 97
S.W.3d 293, 298 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (holding that
error was harmless because identification was cumulative).  Additionally,
the open container in plain view was only one fact among many establishing that
Officer Hernandez had reasonable suspicion to believe that appellant was
driving under the influence.  Officer Hernandez also stated that appellant
had bloodshot eyes, slurred his speech, and was Afumbling around@ for his papers. 
These facts alone would be sufficient to prove reasonable suspicion.  See,
e.g., Rubeck v. State, 61 S.W.3d 741, 745 (Tex. App.BFort Worth 2001,
no pet.) (holding that the odor of alcohol on appellant=s breath and his
slurred speech was a sufficient factual basis for reasonable suspicion that
appellant was driving while intoxicated); Cook v. State, No. 14‑04‑01166‑CR,
2006 WL 1140889, at *2 (Tex. App.CHouston [14th
Dist.] May 2, 2006, no pet.) (not designated for publication) (finding that
slurred speech, bloodshot eyes, and alcohol on suspect=s breath were
sufficient facts to support reasonable suspicion of driving while
intoxicated).  Consequently, any error could not have had a substantial or
injurious effect in determining the jury=s verdict.  See
King, 953 S.W.2d at 271.  We overrule appellant=s fifth point of
error.

 

         
In appellant=s sixth point of error, he complains that Officer
Hernandez impermissibly seized certain evidence in violation of his constitutional
rights.  More specifically, appellant argues that Officer Hernandez=s opening of his
zipper bag was an Aunconstitutional inventory search and/or
inventory that was merely a ruse for a search.@  Appellant
has failed to preserve this issue for appeal.

In order for a complaint to be presented on appeal, a
timely request, objection, or motion must have been made to the trial court
stating the grounds for the ruling Awith sufficient
specificity to make the trial court aware of the complaint.@  Tex. R. App. P. 33.1(a)(1)(A). 
Appellant=s written motion to suppress and his arguments at the
suppression hearing did not complain about the inventory search of his
car.  Therefore, appellant has waived this issue for appeal.  See Tex. R. App. P. 33.1.  Consequently,
we overrule appellant=s sixth point of error.

In his final point of error, appellant complains that Athe trial court
abused its discretion and failed to hold the State to burden of proof by
speculating and assuming facts not in evidence.@  Appellant
appears to assert that the trial court abused its discretion in validating
Officer Hernandez=s investigative stop.  Appellant
contends that the record contains no facts showing that Officer Hernandez had
reasonable suspicion to pull appellant over.  Instead, he argues, the
judge simply assumed certain facts in determining that reasonable suspicion was
shown.  However, as we have shown above, there are sufficient facts
in the record for one to conclude that Officer Hernandez had reasonable
suspicion to pull appellant=s vehicle over.  As a result, the
trial court did not abuse its discretion in finding that the State met its
burden.  We overrule appellant=s seventh point of
error.  

We affirm the trial court=s judgment. 

 

 

/s/      Adele Hedges

Chief Justice

 

Judgment rendered
and Opinion filed November 9, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Seymore.

PublishC Tex. R. App. P. 47.2(b).














[1]  Tex.
Transp. Code ' 504.502(a) requires that the vehicle:

(1) is at least 25 years old...........

(2) is a collector's item;

(3) is used exclusively for exhibitions,
club activities, parades, and other functions of public interest and is not used
for regular transportation; and

(4) does not carry advertising.





[2]  Note that the language of ' 504.502(a) seems to only create a mandate on when the
State issues a specialty license plate (Athe
department shall issue . . . @).  Tex. Transp. Code ' 504.502(a).  One might argue that the statute is
ambiguous as to whether it places any duties or limits on the issuee of the
antique license plate.   However, when viewing ' 504.502 as a whole and in the context of ' 504 in general which encompasses all specialty plate
rules, it becomes clear that ' 504.502 is not
only a mandate for the State, but it also limits when the issuee may rightfully
use the specialty license plate.  First, ' 504.002(9), which is a general specialty plate provision applying to
all of ' 504 (including exhibition vehicles), clearly states
that if any of the specialty license plate Arequirements@ are not met, then the issuee must return the license
plate.  Tex. Transp. Code ' 504.002(9).  Second, the language of ' 504.502(g) implies a duty on the issuee in stating Aan owner of a vehicle registered under this subsection
who violates this section commits an offense.@  ' 504.502(j) also implies a duty in defining what is an
affirmative defense to prosecution under '
504.502.  Tex. Transp. Code ' 504.502(g)‑(j).  In order for one to
violate or offend ' 504.502, by implication, there must be a duty to
violate.  Finally, one must pragmatically consider that when the
Department of Transportation issues the license plate, it is often relying on
the honesty of the issuee (i.e. the fact that the vehicle is a collector's
item, that it is actually being used for exhibition purposes); therefore the
nature of ' 504.502 necessitates a duty on the issuee or else
there would be nothing to restrain an individual from manipulating the rules
for his benefit.