# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00262-CR

**Harold Wayne Anderton, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT NO. CR21850, HONORABLE ED MAGRE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Harold Wayne Anderton pleaded guilty to possessing less than one gram of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2003). The trial court adjudged him guilty and assessed punishment, enhanced by a previous felony conviction, at five years' imprisonment. In two interrelated arguments, appellant contends that the trial court erred by overruling his pretrial motion to suppress evidence. Finding no error, we affirm the conviction.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). This means that the ruling will be upheld if it is reasonably supported by the record and is correct under any applicable legal theory. *Id*. The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the trial court almost

complete deference in determining historical facts, but we review de novo the trial court's application of the law to those facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

The State's only witness at the suppression hearing was Department of Public Safety Sergeant Michael Nix. Nix testified that at 2:00 a.m. on February 27, 2007, he saw a truck-tractor traveling north on U.S. 77 that "did not have a license plate visible from the rear of the trailer." Nix stopped the truck for what he suspected was a violation of the statute requiring an illuminated rear license plate. *See* Tex. Transp. Code Ann. § 547.322(f) (West 1999). Appellant was the driver of the truck, which was pulling a trailer loaded with grass sod. Hanging from the rear of the trailer was a forklift used to unload the pallets of grass. One of the forklift's wheels obstructed the view of the trailer's license plate from the rear.

Appellant got out of the truck and walked with Nix to the rear of the trailer, where the two men briefly discussed the reasons for the stop. Appellant did not have his driver's license or proof of insurance, although he did have a state identification card. The officer described what happened next: "I told him to wait there, went back to get to the car, ran his driver's license [sic]. He stuck both hands in his pockets at this time, pulled his right hand out, leaned up towards the back of the trailer, stretched out and let go of something in his hand." Nix got out of his patrol car, instructed appellant to step away from the trailer, and shined his flashlight at the spot where appellant's hand had been. The officer saw a glass pipe which he knew from experience was used to smoke methamphetamine. Nix immediately told appellant that he was under arrest. As Nix was

2

attempting to handcuff appellant, appellant pulled two small plastic bags from his pocket and dropped them on the ground. These bags contained what Nix believed to be methamphetamine.

A traffic stop is a constitutional seizure analogous to a temporary investigative detention. *See Berkemer v. McCarty*, 468 U.S. 420, 439 (1984). Appellant does not challenge Nix's initial decision to stop him, which he appears to concede was justified by Nix's belief that appellant's rear license plate was not illuminated as required by law.[1] Appellant argues, however, that once Nix determined that his inability to see the rear license plate was not due to a lack of illumination, but was instead due to the forklift's wheel obscuring the plate, the initial justification for the stop was satisfied and any further detention for that reason was unlawful. *See Florida v. Royer*, 460 U.S. 491, 500 (1983) (temporary detention may last no longer than is necessary to effectuate purpose of stop); *Davis v. State*, 947 S.W.2d 240, 243-45 (Tex. Crim. App. 1997) (same). Appellant also argues that his continued detention was not justified by Nix's belief that the obstruction of the license plate by the forklift's wheel was itself unlawful. Appellant asserts that under the applicable statute as it read at the time of the stop, the wheel did not constitute a "coating, covering, or protective material" that obscured the letters and numbers of the plate. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 837, § 2, 2003 Tex. Gen. Laws 2625 (amended 2007) (current version at Tex. Transp. Code Ann. § 502.409(a)(7) (West Supp. 2008)).

---

[1] Appellant repeatedly cites three federal opinions holding that traffic stops were unlawful because the officers acted on the basis of erroneous interpretations of the transportation code. *See United States v. Granado*, 302 F.3d 421, 423 (5th Cir. 2002); *United States v. Lopez-Valdez*, 178 F.3d 282, 288 (5th Cir. 1999); *United States v. Miller*, 146 F.3d 274, 279 (5th Cir. 1998). Appellant does not argue, however, that Nix was mistaken in believing that the transportation code requires that a rear license plate be illuminated. Rather, he argues that Nix was mistaken in his initial belief that appellant's license plate was not illuminated.

3

It is unclear from the record whether, as a matter of fact, the trailer's rear license plate was illuminated. During his cross-examination of Nix, defense counsel read this portion of the officer's probable cause statement: "I asked [appellant] to step out of the vehicle and explained what he was stopped for. I explained that I believed he didn't have a license plate light, but when I got closer, I realized that the dolly on the back of the truck was covering the license plate." Counsel then asked Nix if appellant's license plate was obscured. Nix answered, "Yes, sir. The dolly was obscuring the license plate so you can't see the license plate light and can't see the license plate." Neither Nix nor appellant, who also testified at the suppression hearing, expressly stated that the license plate light was functioning properly on the night in question. In its findings of fact, the trial court stated, "A large 3 wheeled dolly blocked the rear license plate and license plate light, if working, could not be seen [by officer] or by court watching video."[2]

Assuming for the purpose of this opinion that appellant's rear license plate was illuminated as required by statute and that the officer's initial belief to the contrary was due to the obstruction of his view by the forklift's wheel, it does not follow that the officer acted unlawfully by continuing to detain appellant after realizing his mistake. During a routine traffic stop, an officer may demand identification, a valid driver's license, and proof of insurance from the driver, and the officer may detain the driver in order to check for outstanding warrants. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Davis*, 947 S.W.2d at 245 n.6. Appellant's lack of a driver's license and proof of insurance were themselves violations that warranted his continued

_____

[2] We have also watched the video, and we can confirm that it is inconclusive as to whether or not the trailer's rear license plate was illuminated.

4

detention following the stop. *See* Tex. Transp. Code Ann. § 521.025 (West Supp. 2008), § 601.053 (West 1999). Nix was checking for outstanding warrants when he saw appellant's attempt to hide the glass methamphetamine pipe. For these reasons, appellant was being lawfully detained whether or not Nix was justified in the belief that the forklift's wheel was obscuring the license plate in violation of transportation code section 502.409(a)(7).

Appellant's arguments challenging the trial court's overruling of the motion to suppress are without merit. The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: February 13, 2009

Do Not Publish