TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00262-CR







Harold Wayne Anderton, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. CR21850, HONORABLE ED MAGRE, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Harold Wayne Anderton pleaded guilty to possessing less than one gram
of methamphetamine. See Tex. Health & Safety Code Ann. § 481.115 (West 2003). The trial court
adjudged him guilty and assessed punishment, enhanced by a previous felony conviction, at
five years' imprisonment. In two interrelated arguments, appellant contends that the trial court erred
by overruling his pretrial motion to suppress evidence. Finding no error, we affirm the conviction.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. 
State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). This means that the ruling will be
upheld if it is reasonably supported by the record and is correct under any applicable legal theory. 
Id. The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight
to be given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000);
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the trial court almost
complete deference in determining historical facts, but we review de novo the trial court's
application of the law to those facts. Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000).

The State's only witness at the suppression hearing was Department of Public Safety
Sergeant Michael Nix. Nix testified that at 2:00 a.m. on February 27, 2007, he saw a truck-tractor
traveling north on U.S. 77 that "did not have a license plate visible from the rear of the trailer." Nix
stopped the truck for what he suspected was a violation of the statute requiring an illuminated rear
license plate. See Tex. Transp. Code Ann. § 547.322(f) (West 1999). Appellant was the driver of
the truck, which was pulling a trailer loaded with grass sod. Hanging from the rear of the trailer was
a forklift used to unload the pallets of grass. One of the forklift's wheels obstructed the view of the
trailer's license plate from the rear. 

Appellant got out of the truck and walked with Nix to the rear of the trailer, where
the two men briefly discussed the reasons for the stop. Appellant did not have his driver's license
or proof of insurance, although he did have a state identification card. The officer described what
happened next: "I told him to wait there, went back to get to the car, ran his driver's license [sic]. 
He stuck both hands in his pockets at this time, pulled his right hand out, leaned up towards the back
of the trailer, stretched out and let go of something in his hand." Nix got out of his patrol car,
instructed appellant to step away from the trailer, and shined his flashlight at the spot where
appellant's hand had been. The officer saw a glass pipe which he knew from experience was used
to smoke methamphetamine. Nix immediately told appellant that he was under arrest. As Nix was
attempting to handcuff appellant, appellant pulled two small plastic bags from his pocket and
dropped them on the ground. These bags contained what Nix believed to be methamphetamine. 

A traffic stop is a constitutional seizure analogous to a temporary investigative
detention. See Berkemer v. McCarty, 468 U.S. 420, 439 (1984). Appellant does not challenge Nix's
initial decision to stop him, which he appears to concede was justified by Nix's belief that
appellant's rear license plate was not illuminated as required by law. (1) Appellant argues, however,
that once Nix determined that his inability to see the rear license plate was not due to a lack of
illumination, but was instead due to the forklift's wheel obscuring the plate, the initial justification
for the stop was satisfied and any further detention for that reason was unlawful. See Florida
v. Royer, 460 U.S. 491, 500 (1983) (temporary detention may last no longer than is necessary to
effectuate purpose of stop); Davis v. State, 947 S.W.2d 240, 243-45 (Tex. Crim. App. 1997) (same). 
Appellant also argues that his continued detention was not justified by Nix's belief that the
obstruction of the license plate by the forklift's wheel was itself unlawful. Appellant asserts that
under the applicable statute as it read at the time of the stop, the wheel did not constitute a "coating,
covering, or protective material" that obscured the letters and numbers of the plate. See Act of
May 28, 2003, 78th Leg., R.S., ch. 837, § 2, 2003 Tex. Gen. Laws 2625 (amended 2007) (current
version at Tex. Transp. Code Ann. § 502.409(a)(7) (West Supp. 2008)).

It is unclear from the record whether, as a matter of fact, the trailer's rear license plate
was illuminated. During his cross-examination of Nix, defense counsel read this portion of the
officer's probable cause statement: "I asked [appellant] to step out of the vehicle and explained what
he was stopped for. I explained that I believed he didn't have a license plate light, but when I got
closer, I realized that the dolly on the back of the truck was covering the license plate." Counsel then
asked Nix if appellant's license plate was obscured. Nix answered, "Yes, sir. The dolly was
obscuring the license plate so you can't see the license plate light and can't see the license plate." 
Neither Nix nor appellant, who also testified at the suppression hearing, expressly stated that the
license plate light was functioning properly on the night in question. In its findings of fact, the trial
court stated, "A large 3 wheeled dolly blocked the rear license plate and license plate light, if
working, could not be seen [by officer] or by court watching video." (2)

Assuming for the purpose of this opinion that appellant's rear license plate was
illuminated as required by statute and that the officer's initial belief to the contrary was due to the
obstruction of his view by the forklift's wheel, it does not follow that the officer acted unlawfully
by continuing to detain appellant after realizing his mistake. During a routine traffic stop, an officer
may demand identification, a valid driver's license, and proof of insurance from the driver, and the
officer may detain the driver in order to check for outstanding warrants. Walter v. State,
28 S.W.3d 538, 542 (Tex. Crim. App. 2000); Davis, 947 S.W.2d at 245 n.6. Appellant's lack of a
driver's license and proof of insurance were themselves violations that warranted his continued
detention following the stop. See Tex. Transp. Code Ann. § 521.025 (West Supp. 2008), § 601.053
(West 1999). Nix was checking for outstanding warrants when he saw appellant's attempt to hide
the glass methamphetamine pipe. For these reasons, appellant was being lawfully detained whether
or not Nix was justified in the belief that the forklift's wheel was obscuring the license plate in
violation of transportation code section 502.409(a)(7).

Appellant's arguments challenging the trial court's overruling of the motion to
suppress are without merit. The judgment of conviction is affirmed.



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: February 13, 2009

Do Not Publish

1. Appellant repeatedly cites three federal opinions holding that traffic stops were unlawful
because the officers acted on the basis of erroneous interpretations of the transportation code. 
See United States v. Granado, 302 F.3d 421, 423 (5th Cir. 2002); United States v. Lopez-Valdez,
178 F.3d 282, 288 (5th Cir. 1999); United States v. Miller, 146 F.3d 274, 279 (5th Cir. 1998). 
Appellant does not argue, however, that Nix was mistaken in believing that the transportation code
requires that a rear license plate be illuminated. Rather, he argues that Nix was mistaken in his
initial belief that appellant's license plate was not illuminated. 
2. We have also watched the video, and we can confirm that it is inconclusive as to whether or
not the trailer's rear license plate was illuminated.