Appellee=s Motion for Rehearing Overruled; Reversed and Remanded;
Memorandum Opinion of May 14, 2009, Withdrawn, and Substitute Memorandum
Opinion on Rehearing filed July 2, 2009








 

Appellee=s Motion for Rehearing Overruled; Reversed and Remanded; Memorandum Opinion of May 14, 2009,
Withdrawn, and Substitute Memorandum Opinion on Rehearing filed July 2, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00703-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

PASHKO ZEF PLUMAJ, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 47,549

 



 

S U B S T I T U T E   M E M O R A N D U M   O P I N I O N








We overrule appellee=s motion for
rehearing, withdraw our opinion of May 14, 2009, and issue this substitute
memorandum opinion on rehearing.  The State of Texas brings this interlocutory
appeal from the trial court=s grant of a motion to suppress all
evidence obtained as a result of a traffic stop of appellee, Pashko Zef
Plumaj.  Subsequent to the stop, appellee was charged with the felony offense
of driving while intoxicated.  In a single issue, the State contends that the
trial court erred in granting the motion because (1) the court used an
incorrect legal standard, and (2) the traffic stop was valid.  We reverse and
remand.

Background

In his motion to suppress, appellee asserted that the
officer who stopped him and subsequently arrested him did not have Aprobable cause@ for the initial
traffic stop.  According to appellee, because the officer did not have probable
cause for the traffic stop, all evidence obtained as a result of the initial
stop should be suppressed.  In response to the motion, the State argued, among
other things, that the proper standard for assessing the propriety of a traffic
stop is Areasonable
suspicion@ not Aprobable cause.@

At the
hearing on the motion to suppress, Officer Daniel Dewey of the Missouri City
Police Department testified that he stopped appellee on the day in question
because appellee was driving with one working headlight and one non-working
headlight.  Substantively, the parties disputed in the trial court, and dispute
on appeal, whether having one working and one non-working headlight was a valid
reason for the stop at the time of day and under the circumstances present when
Dewey stopped appellee.  At the conclusion of the hearing, the trial court
stated that under the circumstances, having only one working headlight did not provide
Officer Dewey with Aprobable cause@ for the traffic
stop.  The court subsequently granted the motion to suppress.  In its findings
of fact and conclusions of law, the trial court again stated that Officer Dewey
did not have Aprobable cause@ for the stop.








Discussion[1]

In its single issue on appeal, the State argues that the
trial court erred in granting the motion because (1) Aprobable cause@ is not the
correct standard for assessing the validity of a traffic stop, and (2) appellee=s driving with
only one working headlight provided Officer Dewey with a valid reason to make a
traffic stop.  We begin by addressing the State=s argument
regarding the correct legal standard.

It is well-settled in constitutional jurisprudence that a
warrantless traffic stop is a Fourth Amendment seizure equivalent to a
temporary detention, and it must therefore be justified by reasonable suspicion. 
Berkemer v. McCarty, 468 U.S. 420, 439 (1984); State v. Nelson,
228 S.W.3d 899, 902 (Tex. App.CAustin 2007, no pet.).  In other words,
the officer making the stop must possess specific articulable facts that, taken
together with rational inferences from those facts, lead him or her to conclude
that the person detained is, has been, or soon will be engaged in criminal
activity.  Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); Nelson,
228 S.W.3d at 902.  An officer=s suspicion of an alleged traffic
violation, however, cannot be based on a mistaken understanding of traffic
laws.  United States v. Granado, 302 F.3d 421, 423 (5th Cir. 2002); Goudeau
v. State, 209 S.W.3d 713, 716 (Tex. App.CHouston [14th
Dist.] 2006, no pet.).  The burden to demonstrate reasonable suspicion is on
the State.  Nelson, 228 S.W.3d at 902.








As mentioned above, the trial court clearly considered the
propriety of Officer Dewey=s stop of appellee against a Aprobable cause@ standard. 
Probable cause is the standard that must be met to support a warrantless
arrest.  See Neal v. State, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008). 
Probable cause exists if the arresting officer knows of facts that would lead a
reasonable person to believe that the suspect has committed or will soon commit
a crime.  Id.  While the Areasonable
suspicion@ and Aprobable cause standards@ are by necessity
similar, they are not identical.  See id.  The level of suspicion
required to justify a traffic stop or temporary detention is clearly less
demanding than that for probable cause to arrest.  See Schwartz v. State,
635 S.W.2d 545, 546-47 (Tex. Crim. App. 1982) (citing Adams v. Williams,
407 U.S. 143 (1972)).

The trial court erred in requiring the State to show that
Dewey had probable cause, rather than merely a reasonable suspicion, to stop
appellee.  Because the trial court held the State to a higher burden than that
required by law, we must reverse and remand the order granting the motion to
suppress.  Because we reverse and remand on this basis, we do not consider the
parties= substantive
arguments.

We reverse the trial court=s order and remand
for further proceedings in accordance with this opinion.[2]

 

 

/s/      Adele Hedges

Chief Justice

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  In a prior order of this court, we rejected appellee=s contention that we are without jurisdiction in this
matter because the State failed to timely file its notice of appeal.  Appellee
argued, inter alia, that the State only had 15 days from the date of the order
appealed from in which to file its notice of appeal pursuant to the
then-applicable version of Rule 26.2(b) of the Texas Rules of Appellate
Procedure.  Tex. R. App. P. 26.2 (1997, amended 2008).  However, the then-applicable
version, and still current version, of article 44.01(d) of the Texas Code of
Criminal Procedure permitted the State 20 days to file its notice.  Tex. Code
Crim. Proc. art. 44.01(d).  In the event of a conflict between a rule of
appellate procedure and an article in the Code of Criminal Procedure, the
article controls.  See Tex. Gov=t
Code ' 22.108(a); Tex. Code Crim. Proc. art. 44.33(a); Marin
v. State, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993).  The State timely
filed its notice within twenty days.





[2]  We take no position on the validity of the trial
court=s factual findings or legal conclusions relative to
the motion to suppress but reverse only because the trial court applied an
improper standard.  On remand, the trial court may again entertain the motion
to suppress invoking the proper standard.