Opinion issued July 1, 2010

                                                                        

 

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-01069-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JOHN RICKY CARTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 08CR3594

 

 



MEMORANDUM OPINION

          A
jury convicted John Ricky Carter of the third degree felony offense of driving
while intoxicated, third offense or more. 
See Tex. Penal Code Ann. § 49.04(a) (Vernon 1999), § 49.09(b)(1) (Vernon Supp. 2009). 
After finding the allegations in an enhancement paragraph true, the
trial court assessed punishment at four years’ confinement.  On appeal, Carter contends that the trial
court erred by denying (1) his motion to suppress evidence because the
arresting officer lacked probable cause to believe that Carter committed a
traffic violation, and (2) his requested inclusion of the language of section
544.010(c) of the Transportation Code in the written charge.  We hold that the trial court reasonably could
have determined that the arresting officer had probable cause to detain Carter,
and the trial court correctly refused Carter’s jury charge request.  We therefore affirm.

Background

In September 2008, Galveston County
Sheriff’s Department Deputy Lina parked his patrol car behind a convenience
store to observe the intersection of Ninth Street and East Bay Shore Drive in
San Leon, an intersection where drivers regularly run the posted stop signs.  After observing the intersection for
approximately twenty minutes, Lina saw a small car pull up to the stop sign and
stop.  Carter, driving an SUV, also
pulled up and stopped behind the stopped car. 
That car then drove through the intersection.  Carter immediately pulled ahead and turned
right onto Ninth Street, without stopping a second time or waiting until the
car ahead of him cleared the intersection. 
Lina agreed with defense counsel that Carter had stopped “one small car
length or less than one small car length” from the stop sign, depending on
where the car in front of him stopped.

Lina pulled Carter over a block
later.  Lina noticed that Carter had a
“strong odor” of alcohol, glassy, bloodshot eyes, slightly slurred speech, and
was slightly unsteady on his feet.  When
asked how many beers he had consumed, Carter responded that he had drunk three
or four that day.  Lina then asked Carter
to move his SUV forward about thirty feet, which Carter did, although he drove
further forward than Lina requested.  Carter
displayed six out of six possible clues on the horizontal gaze nystagmus test.  Carter did not complete the walk-and-turn
test, and refused to perform any further sobriety tests.  Lina determined that Carter was impaired and
arrested him for driving while intoxicated. 
Carter did not consent to a breathalyzer test.

Carter moved to suppress Lina’s
testimony on the grounds that Lina did not have (1) reasonable suspicion to
stop Carter, (2) reasonable suspicion for further detention after stopping
Carter, or (3) probable cause to arrest Carter for driving while
intoxicated.  After Lina testified at the
suppression hearing, the trial court stated:

[W]hat I have heard here today is that two cars pulled
up to a stop sign and they both went at the same time.  You can certainly argue, I guess, that that’s
not against the Code, but that’s certainly unusual behavior.  And in our society, two cars going from a
stop sign at the same time is certainly grounds to pull somebody over and
certainly merits further investigation and may very well merit a ticket or a
citation for running a stop sign.

 

The trial court denied Carter’s
motion to suppress Lina’s testimony.  At
trial, defense counsel made the following objection to the written charge:

[T]he only objection I would have is that I asked for
an inclusion of the stop sign statute, 544.010 of the Transportation Code to
give the jury a guidance [sic] in determining whether or not the police officer
had probable cause to stop or reasonable suspicion to stop the vehicle.

 

The trial court stated that defense
counsel could make that argument during closing, but it would not include the requested
language in the charge.

Discussion

Probable Cause to Stop

          Carter
contends that the trial court erred in denying his motion to suppress Deputy
Lina’s testimony because Lina lacked probable cause to believe that Carter
committed a traffic violation.  We review
the trial court’s ruling on a motion to suppress for abuse of discretion.  Shepherd
v. State, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008).  We view the evidence in the light most favorable
to the trial court’s ruling.  Wiede v. State, 214 S.W.3d 17, 24 (Tex.
Crim. App. 2007) (quoting State v. Kelly,
204 S.W.3d 808, 818 (Tex. Crim. App. 2006)). 
The trial judge is the “sole trier of fact and judge of credibility of
the witnesses and the weight to be given to their testimony.”  St. George v. State, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).  The trial court may choose to believe or
disbelieve any part or all of a witness’s testimony.  Green
v. State, 934 S.W.2d 92, 98 (Tex. Crim. App. 1996) (citing Allridge v. State, 850 S.W.2d 471, 492
(Tex. Crim. App. 1991)).  We defer to a
trial court’s express or implied determination of historical facts, as well as
to its application of law to fact questions if those questions turn on the
evaluation of credibility and demeanor.  See Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). 
We sustain the trial court’s ruling if it is reasonably supported by the
record and correct on any theory of law applicable to the case.  Laney
v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003) (citing Willover v. State, 70 S.W.3d 841, 845
(Tex. Crim. App. 2002)).

          The
Transportation Code provides three different stop sign requirements:  (1) if a crosswalk exists, the driver shall
stop before entering the crosswalk; (2) if no crosswalk exists, the driver
shall stop at a clearly marked stop line; and (3) if no stop line exists, the
driver shall stop “at the place nearest the intersecting roadway where the
operator has a view of approaching traffic on the intersecting roadway.”  Tex. Transp. Code Ann.
§ 544.010(c) (Vernon 1999).

          The
State is not required to prove that the defendant actually violated a
particular statute in order to establish reasonable suspicion or probable cause.  Gajewski
v. State, 944 S.W.2d 450, 452 (Tex. App.—Houston [14th Dist.] 1997, no
pet.); McQuarters v. State, 58 S.W.3d
250, 255 (Tex. App.—Fort Worth 2001, pet. ref’d) (“First, the State was not
required to prove appellant violated a traffic law.  The State only needed to elicit testimony
that Officer Beauchamp knew sufficient facts to reasonably suspect that
appellant had violated a traffic law.”). 
Deputy Lina testified that this particular intersection had neither a
crosswalk nor a stop line, and thus Carter had to stop “at the stop sign” to
properly stop.  As Lina observed the
intersection, a small car stopped at the stop sign and Carter stopped behind
that car.  As the first car drove away
from the stop sign, Carter “pulled behind it without
stopping. . . . [I]nstead of [Carter] stopping to make sure
the other vehicle was out of the intersection.” 
Carter did not stop a second time before turning.  For intersections without stop lines or
crosswalks, section 544.010(c) provides that the driver shall stop “at the
place nearest the intersecting roadway
where the [driver] has a view of approaching traffic on the intersecting
roadway.”  Tex. Transp. Code Ann. § 544.010(c) (emphasis added).  Because the Transportation Code requires a
driver to stop at the place “nearest the intersecting roadway” where he can see
approaching traffic, and Carter stopped approximately one car length before the
stop sign, we hold that the trial court reasonably could have determined that
Lina had probable cause to believe that Carter violated section 544.010(c).

          Carter
cites the Fort Worth Court of Appeals’ decision in Fowler v. State for the proposition that reasonable suspicion of a
traffic violation cannot be based on an officer’s mistaken understanding of the
traffic laws.  266 S.W.3d 498, 504–05
(Tex. App.—Fort Worth 2008, pet. ref’d) (citing United States v. Granado, 302 F.3d 421, 423 (5th Cir. 2002); Goudeau v. State, 209 S.W.3d 713, 716
(Tex. App.—Houston [14th Dist.] 2006, no pet.)).  The Fowler
court noted that an officer’s ignorance of the law does not “rise to the level
of reasonable suspicion,” and holding otherwise “would transform the Fourth
Amendment’s objective standard into a subjective standard dependent on the
whims of the police’s ‘understanding’ of the law.”  Id. at 505.  Carter
contends that Lina’s belief that, in the absence of a crosswalk or stop line,
Carter had to stop at the stop sign was incorrect, and the Transportation Code
only required Carter to “stop at the place where he had a view of approaching
traffic on the intersecting roadway.”

The Transportation Code requires that
a driver stop in a place where he has a view of approaching traffic on the
intersecting roadway.  Tex. Transp. Code Ann. § 544.010(c).  The Transportation Code also, however,
requires the driver to stop at the place “nearest the intersecting roadway”
where he has a view of approaching traffic. 
See id.  Lina agreed that Carter could see approaching
traffic from his position, but Lina also testified that Carter stopped
approximately one car length behind the stop sign and drove through the
intersection without waiting for the car ahead of him to clear it.  Carter, therefore, did not stop at the “place
nearest the intersecting roadway” where he could see approaching traffic.  The trial court reasonably could have concluded
that Lina’s probable cause was not based on a mistaken understanding of section
544.010(c).  The reasoning in Fowler does not apply here.

Denial of Requested Statutory Language

          Carter
contends that the trial court erred by failing to include the language of
section 544.010(c) of the Transportation Code in the written charge.  When reviewing a jury charge, we first
determine whether error exists, and if so, then we determine whether the error
is harmful.  See Ngo v. State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)
(citing Middleton v. State, 125
S.W.3d 450, 453 (Tex. Crim. App. 2003)). 
If, as here, the defendant properly objects to the charge, we will
reverse the conviction if the error constitutes “some harm.”  See
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1985).

The Code of Criminal Procedure
requires the trial court to deliver to the jury a written charge “distinctly
setting forth the law applicable to the case.” 
Tex. Code Crim.
Proc. Ann. art. 36.14 (Vernon 2007).  To
be entitled to a jury instruction under article 38.23(a) of the Code of
Criminal Procedure, the defendant must demonstrate that:  (1) the evidence heard by the jury raises an
issue of fact; (2) the evidence on that fact is affirmatively contested; and
(3) the contested fact issue is material to the lawfulness of the challenged
conduct in obtaining the evidence.  Madden v. State, 242
S.W.3d 504, 510 (Tex. Crim. App. 2007). 
In Madden, the Court of
Criminal Appeals approved of an instruction that informed the jurors that no evidence
obtained in violation of the constitutions or laws of the United States or
Texas shall be considered and continued by stating:

You are further instructed that our law permits the
stop and detention of a motorist by a peace officer without a warrant when the
officer has reasonable suspicion to believe that a traffic offense has been
committed. . . . [I]f you find from the evidence that, on
the occasion in question, Officer Lily did have a reasonable suspicion to
believe that [Madden] was driving at a speed greater than 55 miles per hour on
a portion of the highway with a posted speed limit of 55 miles per hour
immediately prior to the stop, then you may consider the evidence obtained by
the officer as a result of the detention.

 

Id. at 508 n.7.  The Court
of Criminal Appeals found this instruction “admirable” because it directed the
“jury’s attention to the one historical fact—Officer Lily’s reasonable belief
or ‘suspicion’ that [Madden] was going faster than 55 m.p.h.—in dispute and
tells the jury to decide this fact.”  Id. 
The Madden Court further held
that the defendant must request an instruction on a specific historical fact or
facts.  Id. at 511.  The trial court determines what “quality and
quantum of facts are necessary to establish reasonable suspicion”—a jury
decides only whether the officer’s belief of a particular disputed fact is
reasonable.  Id.

          Here,
defense counsel lodged the following objection:

Judge, the only objection I would have is that I had
asked for an inclusion of the stop sign statute, 544.010 of the Transportation
Code to give the jury a guidance in determining
whether or not the police officer had probable cause to stop or reasonable
suspicion to stop the vehicle.

 

The objection does not request the
jury to apply this statute to particular facts. 
See Riley v.
State, 830 S.W.2d 584, 586–87 (Tex. Crim. App. 1992) (“[Article] 36.14
requires the judge to provide the jury with both an abstract statement of the
law and an application of that abstract statement to the evidence in the
case.”).  The objection does not
identify any historical fact for the jury to decide.  See Madden,
242 S.W.3d at 512.

Carter presented no evidence that disputes
Lina’s testimony that Carter stopped behind a car at the stop sign and then
followed that car through the intersection without stopping a second time at
the stop sign.  See Madden, 242 S.W.3d at 510 (“The
evidence on that fact must be affirmatively contested.”).  No evidence contradicts Lina’s testimony that
Carter did not stop at the stop sign, which was the “place nearest the
intersecting roadway” from which he could see approaching traffic on the
intersecting road.  See Tex. Transp.
Code Ann. § 544.010(c).  Because no factual dispute exists whether
Carter properly stopped at the stop sign and thus the jury had no historical
fact to decide, we hold that the trial court properly refused to include
section 544.010(c) in the written jury charge.

Conclusion

We hold that the trial court did not
err in denying the motion to suppress evidence and in refusing the requested
jury instruction.  We therefore affirm
the judgment of the trial court.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Sharp.

Do Not Publish.  Tex. R. App. P. 47.2(b).