OPINION

No. 04-04-00332-CR

The STATE of Texas ,

Appellant

v.

Craig Hill JOHNSON,

Appellee

From the 216th Judicial District Court, Gillespie County, Texas

Trial Court No. 4240

Honorable Stephen B. Ables , Judge Presiding


Opinion by: Sarah B. Duncan, Justice

Sitting: Sarah B. Duncan , Justice

 Phylis J. Speedlin , Justice

 Rebecca Simmons , Justice

Delivered and Filed: May 17, 2006

REVERSED AND REMANDED

 The State of Texas appeals the trial court's order granting Craig Hill Johnson's pretrial motion to suppress. The State argues
a license plate frame that obscures the words "THE LONE STAR STATE" and certain images on the license plate violates
section 502.409(a)(7) of the Texas Transportation Code and therefore provided a valid basis for the traffic stop that resulted
in Johnson's arrest for felony driving while intoxicated. We agree and therefore reverse the trial court's order and remand the
cause to the trial court for further proceedings consistent with this opinion.

Factual and Procedural Background

 On November 13, 2003, Fredericksburg Police Officer Christopher Joseph Torres stopped the vehicle being driven by
Craig Hill Johnson solely because the license plate on Johnson's vehicle was partially obscured by the dealer-installed
license plate frame. Johnson was subsequently charged with felony driving while intoxicated.

 Before trial Johnson moved to suppress "all items of evidence and fruits of [his] arrest and search," because the arrest was
"without a warrant and without reasonable suspicion to stop or probable cause to arrest." In his testimony, Officer Torres
identified a photograph of the license plate with the license plate frame; and Johnson in his testimony identified a
photograph of the license plate without the dealer-installed frame. A comparison of the two photographs establishes that the
frame entirely covers the phrase "THE LONE STAR STATE" and probably covers the images of the space shuttle and the
starry night. The trial court granted Johnson's motion, reasoning as follows:

 Boy, I do not know. I am afraid that all these logo plates are going to do a little obscuring, and the courts may need to tell
us if they're talking about obscuring what really matters, and what really matters, I think, is the numbers, the license
number, and you can tell that it's a Texas plate. It has got the state of Texas, you know. I mean, there is a picture of the state
of Texas in there. Even though if somebody doesn't think they can extrapolate the bottom of it, they can see the state of
Texas and see the cowboy which is particular to our logo, so a photograph is going to be able to tell that it's a Texas license
plate, and you can clearly see the license number.

The State appealed.

Standard of Review and Applicable Law

 Because the pertinent facts are undisputed and the only issue is the proper application of section 502.409 of the Texas
Transportation Code, we review the trial court's order granting Johnson's motion to suppress de novo. See State v. Ross, 32
S.W.3d 853, 858 (Tex. Crim. App. 2000).

 Unless found in the Texas Penal Code, (1) a penal statute must be strictly construed. United States v. Granado, 302 F.3d
421, 424 (5th Cir. 2002) (noting that prior version of section 502.409 must be "strictly construe[d]"); see, e.g. , Thomas v.
State, 919 S.W.2d 427, 430 (Tex. Crim. App. 1996) (recognizing that "State Securities Act is highly penal in nature and
requires that it be strictly construed") (quoting Bruner v. State, 463 S.W.2d 205, 215 (Tex. Crim. App. 1970)). Accordingly,
"[a] forbidden act must come clearly within the prohibition of the statute and any doubt as to whether an offense has been
committed should be resolved in favor of the accused." Thomas, 919 S.W.2d at 430 (quoting Bruner, 463 S.W.2d at 215).
"However, a strict construction does not mean that we isolate terms or phrases from the context in which they appear."
Thomas, 919 S.W.2d at 430. Rather, "[w]e always strive to give words and phrases meaning within the context of the larger
provision."Id. "Neither does a strict construction mean that we ignore the plain meaning of terms." Id.

Discussion

 Before its amendment in 2003, section 502.409(a) of the Texas Transportation Code provided in relevant part as follows:

 A person commits an offense if the person attaches to or displays on a motor vehicle a number plate or registration insignia that:

 (5) has letters, numbers, or other identification marks that because of blurring matter are not plainly visible at all times
during daylight;

 (6) is a sticker, decal, or other insignia that is not authorized by law and that interferes with the readability of the letters or
numbers on the plate; or

 (7) has a coating, covering, or protective material that distorts angular visibility or detectability.

Act of May 30, 1999, 76th Leg., R.S., ch. 1189, § 17, 1999 Tex. Gen Laws 4153, 4161 (amended 2003) (current version at
Tex. Transp. Code Ann. § 502.409 (a) (Vernon Supp. 2005)); see Granado, 302 F. 3d at 423-24. "[S]trictly constu[ing]"
this version of the statute, the Fifth Circuit Court of Appeals held that a license plate frame that partially obscures the name
of the issuing state - but does not otherwise obscure the letters or numbers on the plate - does not violate section
502.409(a)(5) because "[v]isibility of identifying marks ... is not obscured by 'blurring matter.'" Id.at 423-24. Nor does the
frame violate section 502.409(a)(6) because "[t]here is no 'sticker, decal, or other insignia' that interferes with readability."
Id. at 424 n. 2 & accompanying text. Nor does the frame violate section 502.409(a)(7) because there is no "'coating,
covering, or protective material' disturbing angular visibility.'" Id. at 424 n.3 & accompanying text.

 After Granado, the Texas Legislature amended section 502.409 to provide as follows:

 A person commits an offense if the person attaches to or displays on a motor vehicle a number plate or registration insignia that:

. . .
 (5) has letters, numbers, or other identification marks that because of blurring or reflective matter are not plainly visible at
all times during daylight; 

 (6) is a has an attached illuminated device or sticker, decal, emblem, or other insignia that is not authorized by law and that
interferes with the readability of the letters or numbers on the plate or the name of the state in which the vehicle is
registered; or
 (7) has a coating, covering, or protective material that:

 (A) distorts angular visibility or detectability; or

 (B) alters or obscures the letters or numbers on the plate, the color of the plate, or another original design feature of the
plate.

Tex. Transp. Code Ann. § 502.409 (a) (Vernon Supp. 2005) (redlining added). Interpreting this version of the statute, which
became effective September 1, 2003, (2) the Southern District of Texas recently ruled that a license plate frame that covers
the space shuttle and starry night images on a Texas license plate violates section 502.409(a)(7) because the frame is "a
covering" that "obscure[s]" "original design feature[s] of the plate." United States v. Flores-Fernandez, 418 F. Supp. 2d
908, 912-13 (S.D. Tex. 2006) ("The statute clearly applies to any object, including a license plate frame, which hides the
letters, numbers, color, or original design features of a license plate from view."). We agree.

 Section 502.409(a)(7) prohibits "a ... covering ... that obscures ... [an] original design feature of the plate." It therefore
prohibits a license plate frame "that is placed over" a license plate if the frame "conceal[s] or hide[s]" an original design
element of the plate. See Webster's Ninth New Collegiate Dictionary 300, 815 (Merriam-Webster, Inc. 1984) (defining
"cover" and "obscure"). It is beyond dispute that the license plate frame on Johnson's vehicle entirely covered the phrase
"THE LONE STAR STATE" and probably covered the images of the space shuttle and the starry night; and these images
and phrase are all original design elements of the plate. Accordingly, we hold Officer Torres had reasonable suspicion of a
violation of section 502.409(a)(7) and a valid basis to make the stop; consequently, the trial court erred in granting
Johnson's motion to suppress. We therefore reverse the trial court's order and remand the cause for further proceedings
consistent with this opinion.


 Sarah B. Duncan, Justice





Publish

1. See Tex. Pen. Code Ann. § 1.05(a) (Vernon 2003) ("The rule that a penal statute is to be strictly construed does not apply
to this code.")

2. Act of May 28, 2003, 78th Leg., R.S., ch. 837, § 3, 2003 Tex. Gen. Laws 2625, 2625.