United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2006**

Charles R. Fulbruge III
Clerk

REVISED MAY 24, 2006

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

--------

No. 05-40685

--------

United States of America,

Plaintiff-Appellee,

versus

Manuel Contreras-Trevino,

Defendant-Appellant.

--------

Appeal from the United States District Court
for the Southern District of Texas

--------

Before GARWOOD, DAVIS, and GARZA, Circuit Judges.

GARWOOD, Circuit Judge:

Manuel Contreras-Trevino appeals the district court's denial of his motion to suppress evidence obtained during a vehicle stop. For the same reasons stated in the district court's well-reasoned opinion, we find the vehicle stop did not violate the Fourth Amendment, and we accordingly affirm the denial of the motion to suppress.

**FACTS AND PROCEEDINGS BELOW**

On January 26, 2005, Lieutenant Luis Valdez of Jim Wells County Sheriff's Department and Officer Cesar Flores of the Robstown Police Department were working together, patrolling U.S. Highway 281. While on patrol near Alice, Texas, Valadez spotted a Mitsubishi Montero that he believed was in violation of Section 502.409 of the Texas Transportation Code, relating to the obstruction of a vehicle's license plate. This particular plate had a plastic frame, issued by a San Antonio dealership, that covered the top half of the word "TEXAS" and the bottom half of plate's design.

The officers pulled over the Montero and asked the driver, Manuel Contreras-Trevino, for his license and registration. They soon realized that he didn't speak English and continued questioning him in Spanish. He admitted that neither he nor the seven passengers in his car had any identification. Valdez then notified Border Patrol. During Border Patrol's questioning, everyone in the car admitted that they were in the United States illegally. Contreras also admitted that he was being paid to drive the group to San Antonio.

On February 9, 2005, in the Corpus Christi Division of the Southern District of Texas, a grand jury issued a two-count indictment against Contreras, each charging that he unlawfully transported an illegal alien in a motor vehicle in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(ii). On March 9, 2005,

2

Contreras filed a motion to suppress evidence, arguing that the officers lacked probable cause for stopping his car. The district court denied the motion, and, after a bench trial, found Contreras guilty of both counts. The court sentenced him to five years' probation as to each count. Contreras appeals the district court's denial of his motion to suppress.

**DISCUSSION**

We review determinations of probable cause *de novo*, accepting findings of fact absent clear error. *See Ornelas v. United States*, 116 S.Ct. 1657 (1996). The decision to stop an automobile is constitutional "where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 116 S.Ct. 1769, 1772 (1996).

The government argues that the officers had probable cause to stop Contreras because his vehicle's rear license plate was obscured in violation of both sections 502.409(a)(6) and 502.409(a)(7)(A) of the Texas Transportation Code. Contreras contends that the government's argument is foreclosed by a plain reading of the statute and by this court's holding in *United States v. Granado*, 302 F.3d 421 (5th Cir. 2002).

We agree with the government and with the district court that recent amendments to the Texas Transportation Code have altered the legal landscape on which the *Granado* result rested and that a plain reading of the Texas Transportation Code now proscribes the use of

3

license plate frames that obscure certain protected features of the vehicle's license plate. Section 502.409 of the Texas Transportation Code (with the 2003 amendments emphasized) provides:

> (a) A person commits an offense if the person attaches to or displays on a motor vehicle a number plate or registration insignia that:
>
> \* \* \*
>
> (6) has *an attached illuminated device or* sticker, decal, emblem, or other insignia that is not authorized by law and that interferes with the readability of the letters or numbers on the plate *or the name of the state in which the vehicle is registered*; or
>
> (7) has a coating, covering, or protective material that:
>
> (*A*) distorts angular visibility or detectability; *or*
>
> (*B*) *alters or obscures the letters or numbers on the plate, the color of the plate, or another original design feature of the plate.*

TEX. TRANSP. CODE § 502.409. The first question presented, then, is whether a license plate frame is a "covering" for the purposes of section 502.409(a)(7). The appellant contends that is not, arguing that a "covering" must obstruct one-hundred percent of the license plate's surface area, and that the legislature would have said "frame" if they intended otherwise. In both the Texas and Federal courts, only a single published opinion has squarely addressed this question. In *Flores-Fernandez*, a federal district court ruled that:

> "[t]he statute clearly applies to any object, including a license plate frame, which hides the letters, numbers, color, or original design features of a license plate from view. There is not requirement that the object must conceal the entire plate to constitute a covering. If the Legislature had intended this result, they would have

4

written the statute to apply only to objects that hide the letters, numbers, color, *and* original design features from view. But the statute, as written, uses the word "*or*" and applies to objects that cover any one, but not necessarily all, of the letters, numbers, color, or original design features of the plate." *United States v. Flores-Fernandez*, –F.Supp.2d–, 2006 WL 493416 (S.D.Tex. 2006).[1]

The *Flores-Fernandez* court then noted that Texas courts had implicitly adopted the view that a proscribed covering can obstruct or obscure less than one-hundred percent of the license plate. *See e.g., Jenkins v. State*, No. 01-05-00299-CR, 2006 WL 23323 at *3 (Tex.App.–Houston (1st), Jan. 5, 2006) (not designated for publication) (finding of violation of section 502.409(a)(7) because "dirt on the license plate . . . made the plate very difficult to read."); *Webb v. State*, No. 10-05-00070-CR, 2005 WL 2665476, at *1 (Tex. App.–Waco, Oct. 19, 2005) (not designated for publication) (finding a violation because wires obstructed the license plate); *Jones v. State*, No. 05-01-01153-CR, 2002 WL 1613711, at *4 (Tex.App.–Dallas, July 23, 2002) (not designated for publication) (finding a violation under section 502.409(a) because the officer "could not read the license plate . . . because it was obscured by mud").

The appellant responds that the above interpretation of the word "covering" is foreclosed by *Granado*. For in *Granado*, the

---

[1]*Flores-Fernandez* was decided by the same federal district judge whose suppression ruling we review today.

appellant contends, this court held that a license plate frame obscuring part of the word "Texas" was not "a 'coating, covering, or protective material' *disturbing angular visibility*." *Granado*, 302 F.3d at 424 (emphasis added). We disagree with the appellant's contention. Nothing in *Granado* suggests that a license plate frame can never be a covering; rather, that case suggests only that a frame is not a covering that disturbs angular visibility. In fact, by reaching the "disturbing [sic] angular visibility" question, the *Granado* court implicitly assumed that such a frame was a "covering" with the meaning of the statute.

Thus, contrary to the appellants assertion, the 2003 amendment has indeed undermined *Granado* because angular visibility is no longer the only interest protected by that section. Now, however, the covering which the statute proscribes includes that which obscures the letters *or* numbers on the plate *or* "another original design feature of the plate." Accordingly, we agree with the district court's reasoning in *Flores-Fernandez*, and we hold that the plain meaning of "covering" for the purposes of section 502.409(a)(7) may include a license plate frame.

Having reached this conclusion, we now turn to the question of whether the particular covering on the appellant's vehicle "alters or obscures the letters or numbers on the plate, the color of the plate, or another original design feature of the plate." TEX. TRANSP. CODE § 502.409(a)(7). During the suppression hearing, the

6

officers testified that they stopped the defendant because the word "TEXAS" was partially covered by the license plate frame. And, as the district court recognized, the "name of the state in which the vehicle is registered" is expressly protected by section 502.409(a)(6), but is not expressly mentioned in section 502.409(a)(7).

However, we hold that section 502.409(a)(7) extends to the word "TEXAS." The state name is, literally, "letters or numbers on the plate," and is, moreover, an "original design feature of the plate." While it is true that the legislature specifically mentioned the "state of registration" in section 502.409(a)(6), and did not do so in section 502.409(a)(7), we conclude that subsection (a)(7) was simply drafted more broadly than (a)(6).[2]

In the alternative, district court also found that the appellant's license plate frame covered the state motto, "The Lone Star State," as well as a picture of oil derricks and much of the "cowboy in the country" design. The defendant does not contest these factual findings, nor do we believe that the district court clearly erred in making them. We affirm the district court's finding that the defendant's license plate violated section 502.409(a)(7) and that the officers had probable cause to stop the appellant's vehicle.

---

[2] Subsection a(6) protects "the letters or numbers on the plate or the name of the state in which the vehicle is registered" while subsection a(7) protects "the letters or numbers on the plate, the color of the plate, or another original design feature of the plate."

7

**CONCLUSION**

The judgment of the district court is

AFFIRMED.