**The STATE of Texas**

v.

**Craig Hill JOHNSON, Appellee.**

**No. PD–1094–06.**

Court of Criminal Appeals of Texas.

Feb. 14, 2007.

Rehearing Denied April 18, 2007.

Steven A. Wadsworth, Asst. D.A., Kerrville, for appellant.

George Scharmen, San Antonio, Matthew Paul, State's Attorney, Austin, for appellee.

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

Does a motorist violate the law when a license plate frame obscures or partially obscures some aspect of the original design of the license plate, such as the name

of the issuing state, the state nickname, or a pictorial design? We answer that question "yes."

## I. BACKGROUND

Appellee was stopped by a police officer solely because the license plate on his car was partially obscured by a license plate frame. The license plates on appellee's car were of the standard Texas design. The frame partially obscured the word "Texas," fully obscured the nickname "Lone Star State," and obscured a depiction of a space shuttle in a nighttime sky. A black-and-white copy of an exhibit depicting the license plate with the frame is attached to this opinion. After the stop, the officer determined that appellee was intoxicated and arrested him for driving while intoxicated.

Before his trial, appellee moved to suppress evidence obtained as a result of the stop on the ground that his car's license plate was not displayed in violation of the law. The trial court granted the motion, and the State appealed. The court of appeals reversed, holding that appellee had violated Texas Transportation Code § 502.409(a)(7).[1]

## II. ANALYSIS

■■■■ We read a statute in accordance with the plain meaning of its language, unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not have possibly intended.[2] The Transportation Code provides in relevant part: "A person commits an offense if the person attaches to or displays on a motor vehicle a number plate or registration insignia that ... has a coating, covering, or protective material that: ... (B) alters or obscures the letters or numbers on the plate, the color of the plate, or another original design feature of the plate."[3] Even if we assumed that the state name and nickname do not constitute "letters on the plate" within the meaning of this provision,[4] they, along with pictorial designs, plainly constitute other original design features of the plate, the obscuring of which is prohibited by the statute.

Moreover, this reading of the statute does not lead to an absurd result that the Legislature could not have possibly intended. Subsection (B) of § 502.409(a)(7) was added to the statute after the Fifth Circuit handed down its decision in *Granado*, which held that a motorist did not violate the law when his license plate frame obscured the name of the issuing state.[5] It is reasonable to infer that this provision may have been part of a legislative response to that decision.[6] Subsequently, in *Contreras–Trevino*, the Fifth Circuit concluded that the statutory amendment changed the legal landscape in which *Granado* had been decided, and held that the

1. *State v. Johnson*, 198 S.W.3d 795 (Tex.App.-San Antonio 2006).

2. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

3. Tex. Transp. Code § 502.409(a)(7)(B).

4. A different subsection within the same statute specifically proscribes conduct with regard to both the "letters and numbers on the plate" and "the name of the state." Tex. Transp. Code § 502.409(a)(6).

5. *See United States v. Granado*, 302 F.3d 421, 424 (5th Cir.2002); *United States v. Contreras–Trevino*, 448 F.3d 821, 823–824 (5th Cir.2006)(discussing the effect of amendments to § 502.409 on its prior decision in *Granado*).

6. The legislature also amended § 502.409(a)(6), in part to add language referring to "the name of the state in which the vehicle is registered." *See Contreras–Trevino*, 448 F.3d at 823.

2003 amendment to the Transportation Code proscribes the use of such license plate frames.[7]

We also observe that, although specialized and personalized plates are available, there are a limited number of designs, which are dictated by statute and by the Texas Transportation Commission.[8] The Legislature might have wished to require the entire design of a license plate to be displayed to help facilitate the quick detection of counterfeits. License plates are primarily functional items, and it is not unreasonable to prohibit decorative items or accessories that affect that functionality even to a small degree.

 We are mindful of the proposition that criminal statutes outside the penal code must be construed strictly, with any doubt resolved in favor of the accused.[9] So was the court of appeals.[10] But "strict construction" does not mean

that we ignore the plain meaning of the statutory language.[11] We are also aware that the plain reading of the statute that we accord today (and that was also accorded by the court of appeals in this case and by the Fifth Circuit) may mean that a small percentage of vehicles in this state do not currently comply with the law. Nevertheless, the timing and the plain language of the statutory amendment compel our conclusion.

The judgment of the court of appeals is affirmed.

JOHNSON, J., filed a concurring opinion.

COCHRAN, J., filed a concurring opinion in which PRICE and JOHNSON, JJ., joined.

MEYERS, J., filed a dissenting opinion.

---

7. *Id.* at 823.

8. *See* TEX. TRANSP. CODE § 502.052 (designs selected by Texas Transportation Commission); § 504.102 (relating to personalization of specialty plates); *see also* TEX. TRANSP. CODE, Ch. 504, generally (various specialty plates dictated by the Legislature).

9. *Thomas v. State*, 919 S.W.2d 427, 430 (Tex. Crim.App.1996); cf. TEX. PEN.CODE

§ 1.05(a)("The rule that a penal statute is to be strictly construed does not apply to this code.").

10. *Johnson*, 198 S.W.3d at 797.

11. *Thomas*, 919 S.W.2d at 430.

DEFENDANT'S EXHIBIT
/
Date:
C ndy Sn der

JOHNSON, J., concurring.

I concur in the judgment of the Court and join Judge Cochran's concurring opinion. This is, as Judge Cochran notes, an uncommonly bad law. Because license plates frequently contribute to the investigation and resolution of crime, there is a legitimate basis for regulation of them, but not every regulation can be justified. The law requires that license plates be kept clean enough to read[1] and must be illuminated at night[2] because police rely on them to help establish the identity of the owner and to trace a car when its driver eludes detention. The legislature may properly bar the use of license-plate frames because that would ensure that the number and the issuing jurisdiction, not to mention the "doo-dads," would then be fully visible. A law requiring that the license-plate number and the name of the issuing jurisdiction be unobstructed would be sufficient for the purpose of law enforcement. Being able to view "another original design feature of the plate" neither assists in identifying the vehicle nor advances the interest of the state in being able to do so. It could be argued that

---

1. TEX. TRANSP. CODE § 502.409(a)(5), (6).

2. TEX. TRANSP. CODE § 547.322(f), (g).

regulation of the display of a license plate based on that portion of the statute cannot be justified, and a stop only on the basis that the peace officer was unable to read the state motto might be on shaky ground.

In this case, the plate number was clearly visible, but half of "Texas" was obscured. The name of the issuing jurisdiction is critical to appropriate police needs and mandating a clear view of it is easily justified. On the facts of this case, I concur.

COCHRAN, J., concurring in which PRICE and JOHNSON, JJ., joined.

I join the majority opinion because it correctly decides the legal issue. It is a crime in the State of Texas to mount your car's license plate in a license plate frame if that frame obscures even the tiniest bit of the doo-dad design details of the standard-issue Texas license plate. This is an uncommonly bad law. It is a "gotcha" law because it allows the police to arbitrarily stop, ticket, arrest, and search any person who is driving a car whose license plate frame covers up any portion of that plate's design. Look around you—the vast majority of drivers on Texas roads and highways can be stopped and arrested at any given moment.

Perhaps this is precisely what the Texas Legislature intended, but I doubt it. Of course, legislators—like judges—are entitled to "special" license plates that are clean, simple, and do not have the dangerous doo-dad designs on them. But their children, friends, and constituents do not have that particular option.

1. TEX. TRANSP. CODE § 502.409(a)(7)(B).

2. *See generally Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

Fortunately, there are other options available:

1. Remove all license plate frames. Attach your license plate to your car with bare nuts and bolts.

2. Spend a little extra money, if you have it, to get a personalized license plate without the doo-dad design details.

3. Ask the legislature to enact a law that requires all design work and lettering on Texas license plates to be indented to provide a one-inch white margin at the edges to accommodate the lawful use of a license plate frame.

In the meantime, be prepared to be pulled over and ticketed, and perhaps even arrested (and have your car towed) if your license plate frame obscures even one of the "starry-night stars" on your license plate. This is a Class C misdemeanor offense with a maximum fine of $200, but it is also one for which you may be arrested, taken to jail, and searched.[1] Mothers driving their children to school should beware; not even the United States Supreme Court will protect you from arrest for violating the Texas Transportation Code.[2]

MEYERS, J., dissenting.

This statute makes it an offense to attach or display a license plate that has a covering that alters or obscures the original design of the plate. However, nowhere in the statute does it say who is violating the statute if the car has such a license plate cover. Is it the person who put the cover around the license plate?[1]

1. This type of license plate frame is often put on the car by the dealership. Is it the dealer-

ship who is violating the statute by displaying the plate with a covering that obscures the original design? Is it the specific guy at the dealership who actually screwed the frame over the license plate? Because the statute specifies that it is an offense to attach to a vehicle a plate that has a covering that ob-

Is it the car's owner? Is it the driver of the car? The statute does not make this clear. While other statutes clearly state that it is the driver who is committing an offense by operating a vehicle in violation of a statute,[2] section 502.409 says that a person commits an offense if he "attaches" or "displays" a license plate covering that obscures the design. This ambiguity in the statute makes it unconstitutionally vague. As a result, it should not be used as the basis for a stop. I respectfully dissent.

scures a design feature, perhaps Frank Parra should be arrested for violating the statute as well.

**2.** *See* Texas Transportation Code section 521.457; section 545.412; section 601.191. *See also* Texas Transportation Code section 601.371 (stating that the owner of a vehicle with suspended registration commits an offense if he knowingly permits the vehicle to be operated on the highway).