NUMBER 13-04-625-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EDWARD ANTHONY MUNIZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 103rd District Court of Cameron County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 Without the benefit of a plea agreement, appellant, Edward Anthony Muniz, pleaded
guilty to the offense of possession of cocaine in an amount of less than one gram. Tex.
Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2006); Tex. Health & Safety
Code Ann. § 481.115(b) (Vernon 2003). The trial court deferred adjudication and placed
appellant on community supervision for a period of five years. In his sole issue before this
Court, appellant contends that the trial court erred by denying his motion to suppress
because his car's license plate was not displayed in violation of the law. Thus, appellant
argues that the traffic stop that led to his arrest was made without probable cause. We
affirm.

I. Factual and Procedural Background

 On April 16, 2004, appellant was stopped by a police officer solely because the
license plate on his car was partially obscured by a license plate frame. See Tex. Transp.
Code Ann. § 502.409 (Vernon 2007). The frame partially obscured the word "Texas." After
the stop, the officer discovered that appellant, who was "nervous, shaky, moving in his
drivers [sic] seat," was in possession of less than one gram of cocaine. Appellant was
arrested and charged with possession of a controlled substance. See Tex. Health &
Safety Code Ann. §§ 481.102(3)(D), 481.115(b). On September 8, 2004, appellant moved
to suppress evidence obtained as a result of the stop on the ground that the car's license
plate was not in violation of the law and the stop was therefore made without probable
cause. The trial court denied the motion. On that same day, appellant waived trial by jury
and pleaded guilty. See Young v. State, 8 S.W.3d 656 , 666-67 (Tex. Crim. App. 2000). (1) 
The trial court deferred adjudication and placed appellant on community supervision for five
years. This appeal ensued.



II. Standard of Review

 The appropriate standard for reviewing most trial court's rulings on a motion to
suppress is a bifurcated standard of review, giving almost total deference to the trial court's
determination of historical facts and reviewing de novo the court's application of the law. 
Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); Carmouche v. State, 10
S.W.3d 323, 327-28 (Tex. Crim. App. 2002); State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim.
App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The facts in the
present case are undisputed. Accordingly, we will review the trial court's application of
section 502.49 de novo. 

III. Analysis

 Appellant contends that the trial court erred in denying his motion to suppress
because his car's license plate was not displayed in violation of the law. The evidence is
undisputed that the word "Texas" on appellant's car's license plate was partially obscured. 
A person commits an offense under section 502.409(a) if the person attaches to or displays
on a motor vehicle a number plate or registration insignia that:

(6) has an attached illuminated device or sticker, decal, emblem, or other
insignia that is not authorized by law and that interferes with the readability of
the letters or numbers on the plate or the name of the state in which the
vehicle is registered; or


(7) has a coating, covering, or protective material that:

 

 (A) distorts angular visibility or detectability; or


 (B) alters or obscures the letters or numbers on the plate, the color of
the plate, or another original design feature of the plate.

Tex. Transp. Code Ann. § 502.409. Recently, in construing this statute, the Texas Court
of Criminal Appeals held that a license plate frame partially obscuring the word "Texas" was
a violation of the statute. State v. Johnson, 219 S.W.3d 386, ___ (Tex. Crim. App. Feb. 14,
2007). We conclude appellant's car's license plate frame was in violation of section
502.409. Accordingly, the officer was justified in stopping appellant's vehicle and the trial
court did not err in denying appellant's motion to suppress. Appellant's sole issue is
overruled. 

 The judgment of the trial court is affirmed.



 _________________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 21st day of June, 2007.
1. Under Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000) and Texas Rule of Appellate Procedure
25.2(a)(2), both bargaining and non-bargaining defendants who plead guilty can appeal rulings on written,
pre-trial motions as well as jurisdictional issues.