Affirmed and Memorandum Opinion
filed January 26, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00037-CR



Taylor Boyce
Gordon, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Court at Law No. 3

Montgomery County, Texas

Trial Court
Cause No. 07-224979



 

MEMORANDUM OPINION 

After the trial court denied appellant Taylor Boyce
Gordon’s motion to suppress, he pleaded guilty to the offense of driving while intoxicated. 
In a single issue, appellant asserts that the trial court erred in denying his
motion to suppress because the officer lacked probable cause to initiate the
traffic stop that resulted in his arrest.  We affirm.

Background

            Appellant was
charged by information with the offense of driving while intoxicated, second
offense, alleged to have occurred on November 30, 2006.  He filed a motion to
suppress the evidence challenging the officer’s probable cause for the initial
traffic stop.  The trial court conducted a hearing on the motion in August
2008.  The officer who arrested appellant, Texas Department of Public Safety
Trooper Michael Franklin, was the only witness at the hearing, and his undisputed
testimony established the following facts.

At around 2:00 a.m. on November 30, 2006, Trooper Franklin
stopped appellant’s vehicle because Franklin saw that appellant’s license plate
was partially obscured by a license plate frame.  The frame partially obscured
the word “Texas,” fully obscured the nickname “Lone Star State,” and obscured a
depiction of a space shuttle in a nighttime sky.  Franklin also believed that
appellant had been speeding and racing with a motorcyclist, although he did not
confirm appellant’s speed by radar or “pacing.”

After hearing Franklin’s testimony and the argument
of counsel, the trial court denied appellant’s motion to suppress.  Appellant
subsequently pleaded guilty to the offense as charged.  Pursuant to a plea
agreement, the trial court sentenced appellant to one year confinement in the
Montgomery County Jail, probated for one year.  The trial court certified
appellant’s right to appeal from the denial of the motion to suppress and this
appeal timely ensued.[1]

Analysis

A.        Standard of
Review

We generally apply a bifurcated standard of review
when considering a trial court’s denial of a motion to suppress, affording almost
total deference to the court’s express or implied determination of historical
facts, while reviewing the court’s application of the law to the facts de novo. 
See Wiede v. State, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007).  But
where, as here, we are presented with a question of law based on undisputed
facts, we apply a de novo standard of review.  Oles v. State, 993 S.W.2d
103, 106 (Tex. Crim. App. 1999); State v. LaRue, 108 S.W.3d 431, 433
(Tex. App.—Beaumont 2003), aff’d, 152 S.W.3d 95 (Tex. Crim. App. 2005).

B.        Law and Application

The statutory language in effect at the time of
appellant’s traffic stop provided that a person committed an offense if he
displayed a license plate with a covering that “obscures the letters or numbers
on the plate, the color of the plate, or another original design feature of the
plate.”[2] 
Appellant does not dispute that the features described by Trooper Franklin were
obscured by his license plate frame.  He argues instead that the trial court
misinterpreted the law.  We disagree.

The facts of this case are nearly identical to those
in State v. Johnson; a driver was stopped by a police officer because
the license plate on his car was partially obscured by a license plate frame. 
219 S.W.3d 386, 387 (Tex. Crim. App. 2007).  After the stop, the officer determined
that the driver was intoxicated and arrested him for driving while
intoxicated.  Id.  The driver moved to suppress the evidence resulting
from the traffic stop on the ground that he had not violated the law and thus
he should not have been stopped.  See id.  The Court of Criminal Appeals
concluded, however, that “a motorist violate[s] the law when a license plate
frame obscures or partially obscures some aspect of the original design of the
license plate, such as the name of the issuing state, the state nickname, or a
pictorial design[.]”[3]
 Id. at 386–87.  

Although the Legislature subsequently amended this statute,[4] the statutory
language in effect at the time of appellant’s arrest provided Trooper Franklin
with probable cause to initiate the traffic stop.[5]  The trial
court did not err in applying the law as it existed at the time of appellant’s
offense.  We overrule appellant’s sole issue on appeal.

Conclusion

The trial court did not err in denying appellant’s
motion to suppress.  We affirm the trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
This case was transferred to this court from the Ninth Court of Appeals.  In
cases transferred by the Supreme Court from one court of appeals to another,
the transferee court must decide the case in accord with the precedent of the
transferor court if the transferee court’s decision would have been
inconsistent with the precedent of the transferor court.  See Tex. R. App. P. 41.3.





[2]
Act of May 28, 2003, 78th Leg., R.S., ch. 837, § 2, 2003 Tex. Gen. Laws 2625,
2625 (amended 2007) (current version at Tex.
Transp. Code Ann. § 502.409(a)(7) (Vernon Supp. 2009)).  





[3]
As in this case, the 2003 version of section 502.409 of the Texas
Transportation Code was in effect at the time the traffic stop occurred in Johnson. 
See id.





[4]
See Tex. Transp. Code Ann.
§ 502.409(a)(7).





[5]
See Act of May 28, 2003, 78th Leg., R.S., ch. 837, § 2, 2003 Tex. Gen.
Laws 2625, 2625 (amended 2007); see also Johnson, 219 S.W.3d at 386–87.