

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 4, 2012

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. GA-0946

Re: Whether a public school student who is at least eighteen years of age or older and younger than twenty-one, and who is enrolled in a district that has adopted a compulsory attendance policy under section 25.085 of the Education Code, is subject to prosecution under section 25.094 of the Education Code for a failure to attend school (RQ-1022-GA)

Dear Ms. Yenne:

You ask whether a public school student who is at least eighteen years of age and younger than twenty-one, and who is enrolled in a school district that has adopted a compulsory attendance policy under section 25.085 of the Education Code, is subject to prosecution under section 25.094 of the Education Code for a failure to attend school.[1]

Section 25.085 of the Education Code generally provides for compulsory school attendance by children at least age six but less than eighteen years of age. TEX. EDUC. CODE ANN. § 25.085(b) (West Supp. 2011). Under subsection (e), a person who voluntarily registers or attends school after turning eighteen is also required to attend school for the duration of the period of instruction. *Id.* § 25.085(e).[2] Further, subsection (f) provides:

> The board of trustees of a school district may adopt a policy requiring a person described by Subsection (e) who is under 21 years of age to attend school until the end of the school year. *Section 25.094 applies to a person subject to a policy adopted under this subsection. . . .*

*Id.* § 25.085(f) (emphasis added).

---

[1]*See* Letter from Honorable Jeri Yenne, Brazoria Cnty. Criminal Dist. Att'y, to the Honorable Greg Abbott, Tex. Att'y Gen. at 2 (Nov. 21, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]If a person attending school after turning eighteen has five or more unexcused absences, a school district may revoke the person's enrollment for the remainder of the school year. TEX. EDUC. CODE ANN. § 25.085(e) (West Supp. 2011).

Section 25.094 makes the failure to attend school under prescribed circumstances a Class C misdemeanor. *Id.* § 25.094(a), (e). Subsection (a) defines the offense as follows:

> (a) An individual commits an offense if the individual:
>
> (1) *is 12 years of age or older and younger than 18 years of age*;
>
> (2) is required to attend school under Section 25.085; and
>
> (3) fails to attend school on 10 or more days or parts of days within a six-month period in the same school year or on three or more days or parts of days within a four-week period.

*Id.* § 25.094(a) (emphasis added). Thus, under subsection (a)(1), a necessary element to the commission of the offense in section 25.094 is that the person be twelve years of age or older and younger than eighteen. *Id.*

The language in subsection (a)(1) was added by the Legislature in 2011 with the passage of Senate Bill 1489. Act of May 28, 2011, 82d Leg., R.S., ch. 1098, § 1, 2011 Tex. Gen. Laws 2837, 2837. You note the apparent conflict between section 25.085(f), which provides that section 25.094 "applies" to certain individuals who are eighteen years of age or older, and section 25.094(a) which provides that an element of the offense is that the offender is younger than eighteen. Request Letter at 2.

Courts presume that the Legislature enacts a statute "with complete knowledge of the existing law and with reference to it." *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). Further, "courts are to construe statutes so as to harmonize with other relevant laws, if possible." *See La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 565 (Tex. 1984). However, "if statutes enacted at the same or different sessions of the legislature are irreconcilable," a court may apply the rule of construction that "the statute latest in date of enactment prevails." TEX. GOV'T CODE ANN. § 311.025(a) (West 2005). "Two statutes irreconcilably conflict when only one of them can apply to a particular situation." *Lomax v. State*, 233 S.W.3d 302, 312 (Tex. Crim. App. 2007).

The 2011 amendment to section 25.094(a) adds a necessary element of the offense, which under the amendment can now only be committed by a person twelve years of age or older and younger than eighteen. *Id.* § 25.094(a). Under the amendment, the statutes unavoidably conflict: section 25.085(f) states that section 25.094 applies to a person eighteen years of age or older and less than twenty-one, but section 25.094 by its plain terms cannot apply to a person eighteen years of age or older. *Id.* §§ 25.085(f), .094(a). The statutes are irreconcilable, but because section 25.094(a) is the most recently amended, it prevails over section 25.085(f). *Id.*; TEX. GOV'T CODE ANN. § 311.025(a) (West 2005).

In sum, under the amendment enacted by the Legislature, it is a necessary element of the criminal offense that the offender is twelve or older and younger than eighteen. *See Calton v. State*, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005) (stating that "[t]o sustain a conviction, all the elements of the offense must be proved at guilt"). Consequently, applying the new language added by the Legislature in 2011, we conclude that a person eighteen years of age or older cannot commit an offense under section 25.094 of the Education Code.[3]

---

[3]Our conclusion is further supported by the longstanding judicial rule "that criminal statutes outside the penal code must be construed strictly, with any doubt resolved in favor of the accused." *State v. Johnson*, 219 S.W.3d 386, 388 (Tex. Crim. App. 2007).

## S U M M A R Y

Senate Bill 1489 amended section 25.094 of the Education Code by adding a necessary element to the offense described by that section. Under that amendment, a person eighteen years of age or older cannot commit an offense under section 25.094.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee