PD-1248-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/12/2015 10:36:51 PM
Accepted 3/13/2015 10:32:33 AM
ABEL ACOSTA
CLERK

**PD-1248-14**

**COURT OF CRIMINAL APPEALS OF TEXAS**

**ROBERT J. CRIDER, II**

**V.**

**STATE OF TEXAS**

**PETITIONER'S MOTION FOR REHEARING**

**FILED BY ROBERT J. CRIDER, II**

**ON APPEAL FROM**
**THE COUNTY COURT AT LAW NO.5, COLLIN COUNTY, TEXAS**
**CASE NO. 005-84506-08.**

**THE EIGHTH COURT OF APPEALS AT EL PASO, TEXAS**
**CASE NO. 08-12-00332-CR.**

FILED IN
COURT OF CRIMINAL APPEALS

March 13, 2015

ABEL ACOSTA, CLERK

**Robert Jackson Crider, II**
**14026 County Road 550**
**Farmersville, Texas 75442**
**(972)743-9448**
**No Fax**
**RJC5004@hotmail.com**
**PETITIONER**

# INDEX OF AUTHORITIES

**Case**                                                                                          **Page**

Busic v. U. S., 446 U.S. 398, 406,
      100 S. Ct. 1747, 1753, 64 L. Ed. 2d 381 (1980)……………..        8

Bynum v. State, 767 S.W.2d 769, 774 (Tex.Cr.App., 1989)…………...        9

Crider v. State, No. PD-1248-14, 2015 WL 925176
      (Tex.Crim.App. Feb. 25, 2015)…………………………………        5-6

Davis v. State, 61 S.W.3d 94, 99 (Tex.App.-Amarillo, 2001)…………...        9

Engelking v. State, 750 S.W.2d 213, 215 (Tex.Crim.App. 1988)………        8

Ex parte Williams, 786 S.W.2d 781, 783
      (Tex.App.-Hous. [1st Dist.], 1990)…………………………….        8

Geeslin v. State Farm Lloyds, 255 S.W.3d 786, 794
      (Tex.App.-Austin, 2008)…………………………………….        7

Getts v. State, 155 S.W.3d 153-158 (Tex.Crim.App., 2005)……………        8

Mahaffey v. State, 316 S.W.3d 633, 635, 639 (Tex.Crim.App. 2010)…        5, 6

Papachristou v. City of Jacksonville, 405 U.S. 156, 162,
      92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972)………………………..        8

Rewis v. United States, 401 U.S. 808, 812,
      91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971)……………………..        8

Robinson v. State, 377 S.W.3d 712, 722 (Tex.Crim.App. 2012)….…….        5

State v. Johnson, 198 S.W.3d 795, 797 (Tex. App.-San Antonio, 2006)..        9

State v. Johnson, 219 S.W.3d 386, 388 (Tex.Crim.App.2007)………….        9

Thomas v. State, 919 S.W.2d 427, 430 (Tex.Crim.App.1996)………….        8-9

United States v. Bass, 404 U.S. 336, 347,
      92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971)………………………..        8

**Statutes and Rules**                                                       **Page**

Sec. 545.104(a), Tex.Transp. Code…………………………………… 4

Texas Rule of Appellate Procedure 44.2(a)…………………………… 9

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

ROBERT JACKSON CRIDER, II  §
                          §
V.                        §        CASE NO. <u>PD-1248-14</u>
                          §
THE STATE OF TEXAS        §

## PETITIONER'S MOTION FOR REHEARING

**NOW COMES ROBERT JACKSON CRIDER, II, PETITIONER**, and moves this court to rehear his Petition for Discretionary Review. In support, Petitioner shows:

On rehearing, Petitioner presents the following issues restating and amplifying Issue 1 C set forth in his Petition:

ISSUE 1.    Should Mr. Crider's Motion to Suppress have been granted?

    ISSUE1 A.  When is a turn signal required at a "Y" intersection?

    ISSUE 1 B.  Did the movement of Mr. Crider's vehicle require a turn signal pursuant to Sec. 545.104(a), Tex.Transp. Code?

    ISSUE 1 C.  Is Sec. 545.104(a), Tex.Transp. Code unconstitutional as applied to Mr. Crider's situation?

## SUBSTANTIAL INTERVENING OR OTHER SIGNIFICANT CIRCUMSTANCES:

This Court of Criminal Appeals authored and published two (2) opinions on this appeal (February 25, 2015), in which Mr. Crider's Petition for Discretionary Review was refused, and in which four justices

Petitioner's Motion for Rehearing: page 4

participated. There was a dissenting and a concurring opinion. See Appendix. However, both opinions share common concern that the statute at issue is unconstitutionally vague and overbroad as applied to "Y" intersections.

Presiding Judge Keller wrote an opinion in which Judge Hervey joined. That opinion observed that whether a motorist is required to signal or not is dependent upon whether the "vehicle deviates from the direct course of the roadway". Citing Mahaffey v. State, 316 S.W.3d 633, 639 (Tex.Crim.App. 2010). That opinion recognized several questions of law (Robinson v. State, 377 S.W.3d 712, 722 (Tex.Crim.App. 2012)) that arise when motorists and police officers are confronted with a "Y" intersection. The questions need to be answered:

Do they all "require a turn signal?"

Must motorists consider "which part of the "Y"" they are driving on?

Are the angles at the "Y" intersection a factor to be considered?

Does the interruption of the continuous course of the roadway by a stop sign "make a difference?"

If the roadway changes names between the branches being traversed, "[d]oes it matter"?

Justice Newell's concurring opinion, in which Justice Johnson joined (Crider v. State, No. PD-1248-14, 2015 WL 925176 (Tex.Crim.App. Feb.

25, 2015)), leaned toward the stop sign interrupting the "direct flow of the roadway" at the "Y" requiring that Mr. Crider use a turn signal. However, if a car stops at a stop sign (or red light) where each of the intersecting streets is at a $90^{\circ}$ angle, there is no requirement that a motorist signal to go straight. Indeed, cars are not equipped with a "straight signal." Driving straight is the default option.

In the concurring opinion, Justices Newell and Johnson observed that this Court has established the "common meaning" of the word "turn" as used in Section 545.104(a), Tex.Transp. Code: "…'turn' means to change directions-to turn the vehicle from a direct course of the roadway. You either turn left, or you turn right out of the direct course or flow of normal traffic." Mahaffey, supra at 635. The concurring opinion acknowledges that the above questions are "very good", and "hope[s] the legislature answers them." Because the legislature has not answered them yet, this Court should. At this juncture, the legislature has no impetus to answer these questions by clarifying the statute. Here, the concurring and dissenting opinions find common ground: "I share the desire to provide more guidance to both police and motorists…" Concurring Opinion at 3.

Mr. Crider was stopped for allegedly failing to signal a turn at a "Y" intersection. As assumed, the traffic stop was initiated by a police officer,

who in this case is actually a sergeant (police supervisor). Unusually, the motorist in this case was also a police sergeant. They were both licensed Texas Peace Officers, sworn to uphold the laws of Texas. Like this Court, the disagreement between police supervisors indicates the need for these issues to be clarified so that common motorists who are not as informed can know what conduct the criminal statute prohibits.

In this case, the intersection at issue has three (3) roadways that converge at a corporate municipality's boundary, each with different names. The Southbound traffic traveling the same two roadways has no stop sign and is considered a continuous course of the road so that no signal is required. The only difference is that the Northbound traffic on those same two roadways which Petitioner was traveling has a stop sign. (State's exhibit 6, at RR V4). A view of the roadway in question clearly shows Mr. Crider's movement followed what amounted to little more than a slight curve. (CR 50).

**BRIEF IN SUPPORT OF MOTION**

An as-applied challenge to constitutionality requires a showing that "the statute is unconstitutional when applied to that particular person or set of facts." Geeslin v. State Farm Lloyds, 255 S.W.3d 786, 794 (Tex.App.-Austin, 2008).

A person of ordinary intelligence must have fair notice that conduct contemplated is forbidden by the statute, and the statute may not encourage arbitrary and erratic arrests and convictions. See Engelking v. State, 750 S.W.2d 213, 215 (Tex.Crim.App. 1988); citing Papachristou v. City of Jacksonville, 405 U.S. 156, 162,92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972). A statute must set "a standard sufficiently clear and definite so that an ordinary person knows what constitutes proscribed conduct." Ex parte Williams, 786 S.W.2d 781, 783 (Tex.App.-Hous. [1st Dist.], 1990).

If the Legislature "enacted into law something different from what it intended, it should amend the statute…". Getts v. State, 155 S.W.3d 153-158 (Tex.Crim.App., 2005).

" '[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.' " Busic v. U. S., 446 U.S. 398, 406, 100 S. Ct. 1747, 1753, 64 L. Ed. 2d 381 (1980) (superceded on other grounds by statute); citing United States v. Bass, 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971), quoting Rewis v. United States, 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971). This Court has said that another way. "**Any doubt as to whether an offense has been committed should be resolved in favor of the accused**." Thomas v. State, 919 S.W.2d

427, 430 (Tex.Crim.App.1996); State v. Johnson, 198 S.W.3d 795, 797 (Tex. App.-San Antonio, 2006).

"[W]hen challenging the constitutionality of a statute, it is incumbent upon a defendant to show that in its operation the statute is unconstitutional to him in his situation." Bynum v. State, 767 S.W.2d 769, 774 (Tex.Cr.App., 1989) "[C]riminal statutes outside the penal code must be construed strictly, with any doubt resolved in favor of the accused." State v. Johnson, 219 S.W.3d 386, 388 (Tex.Crim.App.2007)

## HARM

Petitioner has shown harm by the errors complained of. "[T]he fruits of the illegal search were admitted into evidence at trial and constituted the basis of the Petitioner's conviction. If the trial court had suppressed the evidence, as it should have, there would have been no basis upon which the State could have prosecuted the Petitioner. Consequently, this Court cannot but hold that the trial court's error was harmful under Texas Rule of Appellate Procedure 44.2(a)." Davis v. State, 61 S.W.3d 94, 99 (Tex.App.-Amarillo, 2001).

## CONCLUSION AND PRAYER

**WHEREFORE**, Petitioner requests that this Court of Criminal Appeals grant his Petition and afterwards reverse and render judgment or remand to the trial court for further proceedings consistent with this Court's opinion.

DATED: March 12, 2015
Respectfully submitted,


/s/ Robert Jackson Crider, II
Robert Jackson Crider, II
4026 County Road 550
Farmersville, Texas 75442
(972)743-9448
No Fax
RJC5004@hotmail.com
PETITIONER

## RULE 79.2(c) CERTIFICATE

This motion for rehearing the order that refused the petition for discretionary review is grounded only on substantial intervening circumstances or on other significant circumstances which are specified in the motion. This motion is so grounded, is made in good faith and not for purposes of delay.

/s/ Robert Jackson Crider, II
Robert Jackson Crider, II

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing and attached documents were electronically served to the following recipients, if that option was available through the electronic filing manager, and if not, it was mailed to Appellee's counsel on Thursday, March 12, 2015:

> Greg Willis,
> Criminal District Attorney
> Collin County, Texas
> John Rolater
> Andrea L. Westerfeld
> Appellate Section
> Collin County District Attorney's Office
> 2100 Bloomdale Rd., Suite 100
> McKinney, Texas 75071

and in accordance with Rules 68.11 and 79.7, Tex.R.App.P., in the same manner it was provided to:

> Lisa C. McMinn
> State Prosecuting Attorney
> P. O. Box 13046
> Austin, Texas 78711-3046
> Telephone: (512) 463-1660
> Fax: (512) 463-5724
> information@spa.texas.gov

and 10 paper copies will be delivered to the Clerk of this Court of Criminal Appeals within three (3) business days as required by the Rules.

> /s/ Robert Jackson Crider, II
> Robert Jackson Crider, II

**APPENDIX**

1.      Dissenting Opinion of this Court   …………….……………..Pass Im

2.      Concurring Opinion of this Court   ………………………….Pass Im

PD-1248-14

COURT OF CRIMINAL APPEALS OF TEXAS


ROBERT J. CRIDER, II

V.

STATE OF TEXAS



TAB 1

FILED BY ROBERT J. CRIDER, II



ON APPEAL FROM
THE COUNTY COURT AT LAW NO.5, COLLIN COUNTY, TEXAS
CASE NO. 005-84506-08.

THE EIGHTH COURT OF APPEALS AT EL PASO, TEXAS
CASE NO. 08-12-00332-CR.

Robert Jackson Crider, II
14026 County Road 550
Farmersville, Texas 75442
(972)743-9448
No Fax
RJC5004@hotmail.com
PETITIONER



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1248-14

---

### ROBERT JACKSON CRIDER, II, Appellant

### v.

### THE STATE OF TEXAS

---

### DISSENT TO REFUSAL TO GRANT
### APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### COLLIN COUNTY

---

**KELLER, P.J., filed a dissenting opinion in which HERVEY, J., joined.**

This case involves a traffic stop for failure to signal a turn at a "Y" intersection. The two branches of the "Y" are Vinson Road and County Line Road; the base of the "Y" is FM544. Appellant, traveling on Vinson, failed to signal a turn when he reached and continued onto FM544.

We have held that a turn signal is required only when a vehicle deviates from the direct course of the roadway.[1] Under this definition, at the place where Vinson meets FM544, a driver

---

[1] *Mahaffey v. State*, 316 S.W.3d 633, 639 (Tex. Crim. App. 2010).

coming from either direction would seem to be following the normal course of the roadway, while one traveling from Vinson to County Line would appear to be deviating from the direct course of the roadway, i.e., turning. Faced with little guidance from this Court, the court of appeals held that appellant executed a turn when he continued onto the base of the "Y" intersection because "the direct flow of traffic terminated" at the intersection.[2]

There are a number of issues that might—or might not—bear on the answer to whether a turn signal is required at a "Y" intersection. Do all "Y" intersections require a turn signal? Does it matter which part of the "Y" intersection the driver is traveling from? Do the angles of the "Y" intersection matter? In this case, Appellant had a stop sign. Does the presence of one or more stop signs make a difference? Does it matter whether the name of one branch of the "Y" and the base are the same? These are questions of law,[3] but there are no definitive answers to any of these questions. I would grant review to answer these questions, so that motorists and police officers will know what the law requires. Because the Court does not, I respectfully dissent.

Filed: February 25, 2015
Publish

---

[2] *Crider v. State*, No. 08-12-00332-CR, slip op. at 6 (Tex. App.–El Paso June 30, 2014) (not designated for publication).

[3] *Robinson v. State*, 377 S.W.3d 712, 722 (Tex. Crim. App. 2012) ("The only disagreement in this case was not about the character of the roadway, but about the legal significance of the character of the roadway. The question whether the appellant was required to use his turn signal was therefore a question of law.").

PD-1248-14

COURT OF CRIMINAL APPEALS OF TEXAS


ROBERT J. CRIDER, II

V.

STATE OF TEXAS



TAB 2

FILED BY ROBERT J. CRIDER, II




ON APPEAL FROM
THE COUNTY COURT AT LAW NO.5, COLLIN COUNTY, TEXAS
CASE NO. 005-84506-08.

THE EIGHTH COURT OF APPEALS AT EL PASO, TEXAS
CASE NO. 08-12-00332-CR.

Robert Jackson Crider, II
14026 County Road 550
Farmersville, Texas 75442
(972)743-9448
No Fax
RJC5004@hotmail.com
PETITIONER



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1248-14

**ROBERT JACKSON CRIDER, II, Appellant**

**v.**

**THE STATE OF TEXAS**

**CONCURRING WITH REFUSAL TO GRANT
APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE EIGHTH COURT OF APPEALS
COLLIN COUNTY**

**NEWELL, J., filed a concurring opinion in which JOHNSON, J., joined.**

I agree with this Court's decision not to grant discretionary review of the unpublished opinion in this case. I write separately because I believe the court of appeals properly answered the question before it and because I do not believe this is the case to determine whether a particular type of roadway requires a "turn" or a "merge" or when a signal is required at a "Y" intersection.

The court of appeals described the "Y" intersection at issue in this case as follows:

> The record here indicates that the direct flow of traffic on

> Vinson Road appears to terminate at the stop sign, when the road essentially splits into FM 544 and County Line Road. Although the right turn from Vinson Road onto County Line Road is at a steeper angle than the turn from the same road onto FM 544, all three roads are "equally travelled roads," and because a ditch lies opposite the stop sign, a driver on Vinson Road stopped at the intersection stop sign must clearly make a choice: turn left or turn right.

*Crider v. State*, No. 08-12-00332, 2014 WL 2993792, at *3 (Tex. App.–El Paso June 30, 2014) (not designated for publication). According to the court of appeals, there was no more direct flow of the roadway at the intersection because there was a stop sign that forced the driver to choose a path. *Id.*

This is unlike the road in *Mahaffey* where a road with two southbound lanes dropped down to one southbound lane. *Mahaffey v. State*, 316 S.W.3d 633, 635 (Tex. Crim. App. 2010). And it's unlike the road at issue in *Robinson* where there were no traffic signs indicating an intersection that required a signal. *Robinson v. State*, 377 S.W.3d 712, 715-16 (Tex. Crim. App. 2012).[1] I see no reason under the facts of this case to disturb either the trial court's application of law to the facts or the court of appeals' evaluation of that application.

For better or worse, we have held that the word "turn" in Section 545.104(a) of the Transportation Code–the statute at issue in this case–is unambiguous, and we have set out its common meaning. *Mahaffey*, 316 S.W.3d at 635. According to this Court:

---

[1]Notably, this Court did not need to decide in *Robinson* whether a turn signal was required because the only issue was whether an article 38.23 instruction was warranted. *Robinson*, 377 S.W.3d at 718. And we left undisturbed the lower court's determination that a signal was required. *Robinson v. State*, No. 06-09-00225-CR, 2011 WL 192752, at *5 (Tex. App.–Texarkana Jan. 13, 2011) (not designated for publication).

> The word 'turn' is not a legal term of art–it has no 'acquired technical meaning.' 'Turn' has many dictionary meanings, but in the context of driving, 'turn' means to change directions–to turn the vehicle from a direct course of the roadway. You either turn left, or you turn right out of the direct course or flow of normal traffic.

*Id.* Given our recent foray into defining the word "safe," I think this definition provides about as much guidance as could be expected regarding the word "turn." *See Butcher v. State*, ___ S.W.3d ___, 2015 WL 359087, at *5 (Tex. Crim. App. Jan. 28, 2015) (setting out test to determine where location is "safe" for the voluntary release mitigation special issue in § 20.04 of the Texas Penal Code). And drilling down to find ambiguity in the words used to define an unambiguous word in a statute–words such as "direct," "course," and "flow"–invites more confusion than clarity.

As a newly minted Austin motorist, I appreciate the dissent's intellectual desire to game out every possible traffic scenario attendant to navigating a "Y" intersection. But if that's required in every motion to suppress based upon a traffic stop, I can't wait to get to roundabouts.[2] The dissent asks some very good, thought-provoking questions about this traffic offense, and I hope the legislature answers them. I share the desire to provide more guidance to both police and motorists, but we're not Google maps. I believe *Mahaffey* and the statute provided the trial court and the court of appeals with sufficient guidance to resolve and review appellant's motion to suppress. I don't believe that this case is a suitable vehicle

---

[2]TEX. TRANSP. CODE ANN. §545.059(c) (West 2013) ("An operator moving around a rotary traffic island shall drive only to the right of the island."); *see also* NATIONAL LAMPOON'S EUROPEAN VACATION (Warner Bros. 1985) ("Big Ben, Parliament").

to revisit *Mahaffey*, and that is why I believe discretionary review is unnecessary.

Filed: February 25, 2015
Publish